■ **MARINE MIDLAND BANK, N. A.**, Respondent, v **STATE OF NEW YORK**, Appellant. [600 NYS2d 797] —Yesawich Jr., J. Appeal from an order of the Court of Claims (Lyons, J.), entered April 20, 1992, which, upon reargument, adhered to its prior deci-

sion granting claimant's motion pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

On April 12, 1987, the Department of Motor Vehicles (hereinafter DMV) issued a certificate of title naming A. W. Trucking as the owner of a 1986 Peterbilt tractor-trailer. On April 29, 1987, claimant, in reliance on this certificate of title, agreed to lend $20,000 to A. W. Trucking. In exchange for the loan claimant acquired a security interest in the vehicle and received the personal guarantee of Arnold G. White, Sr. Thereafter, upon the subsequent default in payment on the loan, claimant took possession of the vehicle. White apparently filed for bankruptcy and claimant has received no further payments on the loan. Subsequently, on March 28, 1988, DMV notified A. W. Trucking that the certificate of title for the vehicle in question was issued erroneously and that the title should have been issued to Telmark, the true owner. Accordingly, on April 14, 1988, a corrected title listing Telmark as the owner was issued by DMV; curiously, claimant was still identified as the lienholder for the vehicle despite the fact that claimant had no loan agreement with Telmark. Suit brought by Telmark against claimant in June 1988 culminated in Telmark gaining possession of the tractor-trailer and claimant's lien on the vehicle being formally extinguished by an order entered January 23, 1989. Seeking to recover from the State the balance of its outstanding loan to A. W. Trucking as well as any expenses incurred as a result of the State's alleged negligence, claimant filed a claim against the State. When this claim was dismissed for improper service, claimant moved, by order to show cause, for permission to file a late claim. This motion was opposed by the State on the ground that the claim was time barred (see, CPLR 214). The Court of Claims, however, granted claimant's request to file a late claim and adhered to its position upon reargument. This appeal by the State followed.

A claimant is permitted to file a late claim only if the underlying cause of action is not time barred (see, Court of Claims Act § 10 [6]; Berger v State of New York, 171 AD2d 713, 716). In this case, inasmuch as negligence is being charged, the applicable Statute of Limitations is three years (see, CPLR 214). Because claimant's application for leave to file its claim was made on January 15, 1992, the critical date for purposes of this appeal is January 15, 1989. Specifically, if claimant's cause of action against the State accrued at any point prior to this date, then claimant's late notice of claim motion must be denied. In granting claimant's request, the

Court of Claims opined that January 23, 1989, the date that claimant's putative lien against A. W. Trucking was extinguished, is when claimant's cause of action against the State accrued because it was not until then that claimant actually suffered from the State's conduct.

We are unpersuaded. Generally speaking, a cause of action accrues when an actionable injury has been suffered by the plaintiff *(see, Lazzaro v Kelly,* 87 AD2d 975, 976, *affd* 57 NY2d 630), that is, "when all elements of the tort can be truthfully alleged in a complaint" *(Snyder v Town Insulation,* 81 NY2d 429, 432). Unlike the situation in *Hudleasco v State of New York* (63 AD2d 1042, *affg* 90 Misc 2d 1057), where the claim against the State was in the nature of reimbursement by way of indemnity or contribution, here the true source of the claim is the unpaid defaulted loan that claimant made to A. W. Trucking, not a judgment resulting from a third-party lawsuit. Claimant could have brought an action as soon as it became aware—as it must have during the course of the Telmark litigation, at the very latest—that the State's actions had caused it to lend money on the basis of a "security interest" in property that was not owned by the debtor.

In any event, regardless of whether the date of accrual of the claim is the date claimant made its loan to A. W. Trucking in reliance on the erroneous title, the date that party defaulted, the date notice was sent by DMV or the date claimant alleges it learned of the error in the course of the Telmark litigation, as all those dates were prior to January 15, 1989 the claim is time barred, and leave to file a late claim was therefore improvidently granted.

Mikoll, J. P., Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and claimant's motion for permission to file a late notice of claim is denied.