■ ALBARON SALQUERRO, Appellant, v STATE OF NEW YORK, Respondent. [622 NYS2d 147] —Cardona, P. J. Appeal from an order of the Court of Claims (NeMoyer, J.), entered September 13, 1993, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant, while an inmate at Green Haven Correctional Facility in Dutchess County, suffered an injury to his finger on December 15, 1989. Claimant received medical treatment resulting in a February 22, 1990 recommendation for physical therapy. Claimant was last seen by the physician caring for his finger in May 1990.

Claimant brought this application on July 22, 1993 seeking permission to file a late notice of claim in relation to (1) the December 15, 1989 accident, (2) an alleged premature removal of his bandage by a prison nurse between December 16 and December 18, 1989, and (3) the failure and refusal to provide more than one physical therapy session following the physician's February 22, 1990 recommendation. The Court of Claims denied the application as untimely because the time periods in which to make the application had expired (see, Court of Claims Act § 10 [6]; CPLR 214 [5] [personal injury]; CPLR 214-a [medical malpractice]). Claimant appeals.

Claimant's sole contention is that his malpractice claim was timely in that he sufficiently alleged a course of continuous treatment by the medical staff of the prison system. We disagree and affirm.

Claimant alleges in his application that: "the instant matter

represents a case of continuous treatment, that though claimant was last seen by [D]octor Enisman in May of 1990, he has been seen, and has received treatment, from the medical staffs of the various correctional facilities where he has been imprisoned." This allegation is patently insufficient *(see,* Court of Claims Act § 10 [6]) to suggest that any subsequent care he received was " 'related to the same original condition or complaint' " *(Rizk v Cohen,* 73 NY2d 98, 104, quoting *McDermott v Torre,* 56 NY2d 399, 405 and *Borgia v City of New York,* 12 NY2d 151, 155). Moreover, the gravamen of the proposed claim is that the State committed medical malpractice in refusing or failing to establish a course of physical therapy treatment in the period from February 22, 1990 to June 1990, and not that he received continuing treatment for his finger *(see, Nykorchuck v Henriques,* 78 NY2d 255, 259; *see also, Cooper v Kaplan,* 78 NY2d 1103, 1104). Any subsequent examinations of the finger by the prison system's medical staff would be separate and discrete from the alleged malpractice *(see, Nykorchuck v Henriques, supra,* at 259). As all applicable time limits had expired, the Court of Claims properly denied claimant's application for permission to file a late notice of claim *(see, Byrne v State of New York,* 104 AD2d 782, *lv denied* 64 NY2d 607).

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.