■ HAROLD KONIGSBERG, Appellant, v STATE OF NEW YORK, Respondent. [681 NYS2d 915] —Cardona, P. J. Appeals (1) from a judgment of the Court of Claims (Bell, J.), entered January 29, 1998, which dismissed the claim, and (2) from an order of said court, entered April 16, 1998, which denied claimant's motion for reconsideration.

Claimant is a prison inmate who was removed from the general population at Clinton Correctional Facility (hereinafter the facility) in Clinton County and transferred to Dannemora State Hospital (hereinafter the hospital) in May 1971 as an insane convict. In June 1971, an agent of St. Paul Insurance Companies sent claimant a check in the amount of $916.87 in settlement of a claim. The hospital director returned the check with a letter dated June 28, 1971 advising that claimant had been committed to the hospital due to mental illness and could not be presumed competent to settle the claim. In August 1971, a Supreme Court order was issued finding that claimant was not insane and, therefore, he was returned to the facility in the general population. He was not informed of the settlement check or the letter sent returning it. On June 28, 1997, claimant learned of the check and the letter when examining his inmate records. In September 1997, he filed a claim against the State alleging negligence and seeking recovery of the face amount of the check together with interest. The State moved to dismiss the claim on the ground, *inter alia*, that it was time barred. Supreme Court granted the motion and also denied claimant's subsequent motion for reconsideration. Claimant appeals.

In support of claimant's assertion that his claim is not barred by the Statute of Limitations (*see*, Court of Claims Act § 10; CPLR 214), claimant argues that it did not accrue until June 28, 1997 when he acquired knowledge of the settlement check and the hospital director's letter returning it. We find petitioner's argument unpersuasive. "[A] cause of action accrues when an actionable injury has been suffered * * * that is, 'when all elements of the tort can be truthfully alleged in a complaint'" (*Marine Midland Bank v State of New York*, 195 AD2d 871,

873, *lv denied* 82 NY2d 661, quoting *Snyder v Town Insulation*, 81 NY2d 429, 432 [citation omitted]). Although certain exceptions exist when the date of accrual is measured from the date of the discovery of the wrong (*see*, CPLR 213 [8]; 214-a, 214-b, 214-c), none of the exceptions is applicable here. Claimant asserts that legal disabilities arising from his status as a prison inmate precluded his access to the subject documentation; however, we note that pursuant to 7 NYCRR 5.20 he has had access to the documents since 1978. We further note that any impediment arising from mental illness was removed in August 1971. Therefore, we find that the claim was properly dismissed as time barred. We have considered claimant's remaining contentions and find them to be unavailing.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed, without costs.