■ CHARLES P. SKIPTUNAS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 102744.) [736 NYS2d 767] —Cardona, P.J. Appeal from an order of the Court of Claims (Collins, J.), entered November 27, 2000, which granted the State's motion to dismiss the claim.

In October 1994, the Enlarged City School District (hereinafter District) of the City of Middletown, in Orange County, investigated a complaint that one of its probationary teachers was engaged in an inappropriate personal relationship with a 14-year-old student. The District determined that there was an improper, albeit nonsexual, relationship and the teacher chose to resign his position rather than be terminated. In December 1994, the teacher was arrested for engaging in a sexual relationship with the student that began following his resignation. It appears from this record that the teacher pleaded guilty to rape in the third degree in May 1995.

On November 7, 1995, claimant, the District's Superintendent at the relevant time, reported the information to the Education Department's professional conduct office. The Department commenced an investigation and, as a result, filed a charge against claimant in January 1996 for failure to promptly report, as required under 8 NYCRR part 83, the investigation and the circumstances of the teacher's October 1994 resignation. The charge was released and reported by several newspaper publications. Following a July 1996 hearing, the three-member Hearing Panel issued its findings and

recommendations on October 22, 1996, wherein it determined that the Department failed to meet its burden of proof and the allegations did not raise any questions about claimant's moral character. The Panel recommended that the charge be dismissed. The Commissioner of Education accepted that recommendation and neither party sought to appeal or seek review within 30 days, thereby rendering the Panel's conclusions final pursuant to 8 NYCRR 83.5 (c).

Thereafter, the Commissioner published a memorandum dated December 16, 1996 to all school superintendents reminding them of their duty to report under 8 NYCRR part 83 and expressing his concern that the Panel's recommendation in claimant's case might "send the wrong message" to them, i.e, that simply removing a problem teacher from a district is sufficient to fulfill all legal obligations. Subsequently, in a letter dated May 27, 1998, claimant's counsel wrote to the Department objecting to the Commissioner's memorandum inasmuch as it, inter alia, seemed to imply that claimant was guilty of an impropriety. It was requested that the Commissioner issue a specific order terminating the proceeding against claimant so as to render unnecessary the institution of a lawsuit challenging the constitutionality of 8 NYCRR 83.1. In a June 10, 1998 letter, the Department replied that the proceeding against claimant was closed, the Commissioner accepted the Panel's findings that claimant engaged in no wrongdoing and there was no need for issuance of a separate order by the Commissioner.

On November 23, 1998, claimant commenced a federal lawsuit against the Commissioner and a Department investigator alleging that 8 NYCRR part 83 is, inter alia, unconstitutionally vague. In addition, claimant asserted that said parties were liable under various state causes of action. The federal claims were dismissed after it was determined, inter alia, that the defendants were entitled to qualified immunity. The federal court also declined to exercise jurisdiction over the pendent state claims. On July 14, 2000, claimant filed the instant claim seeking recovery for alleged malicious prosecution, negligence, along with intentional and negligent infliction of emotional distress. According to the claim, the Department and the Commissioner maliciously filed charges against claimant and, inter alia, negligently and recklessly pursued the charges without regard to their duty to keep the investigation confidential. The State moved to dismiss the claim asserting that it was not timely commenced under the Court of Claims Act. The Court of Claims granted the motion, prompting this appeal.

Pursuant to Court of Claims Act § 10 (3) and (3-b), claimant had 90 days from the accrual date of his claim to commence the claim or serve a notice of intention to file a claim. In the event a notice of intention was properly served, claimant had additional time after the accrual date to formally commence the claim (see, Court of Claims Act § 10 [3], [3-b]). Notably, there is no dispute that claimant did not file a formal notice of intention to file a claim at any point. Nevertheless, claimant maintains that he "substantially complied" with the notice of claim requirement. Specifically, claimant argues that his cause of action accrued on June 10, 1998, when the Department issued the letter denying claimant's request for a specific order indicating that claimant was exonerated of all charges. As for notice, claimant argues that this was provided by the request in his previous May 27, 1998 letter that the Commissioner "bring public closure to the charges against him."

We do not agree with claimant's contention as to the accrual date of his claim. Significantly, a review of the causes of action therein indicates that claimant is principally challenging the commencement and investigation of the charges brought against him in January 1996, all of which culminated in the October 22, 1996 recommendation by the Panel to dismiss all charges. Accordingly, the Court of Claims found that the claim accrued on November 27, 1996, when the parties received notice of the report five days after its issuance and did not appeal or seek review in the 30-day period thereafter. We note that even though claimant asserts that the effect of the dismissal was undermined by the Commissioner's issuance of the memorandum dated December 16, 1996, he does not allege separate claims sounding in defamation. In any event, regardless of whether the claims accrued on November 27, 1996 or December 16, 1996, it is apparent from the record that nothing occurred in the 90 days following either event that can fairly be construed as the filing of a notice of claim advising the State of claimant's intent to bring suit. Claimant did not send a letter of complaint until May 1998; therefore, the Court of Claims correctly found that the claim was properly dismissed because claimant did not meet the filing and service requirements of the Court of Claims Act (see, Lichtenstein v State of New York, 93 NY2d 911; Finnerty v New York State Thruway Auth., 75 NY2d 721).

Claimant's remaining contentions have been examined and found to be unpersuasive. Given our conclusions regarding the accrual date of this claim, claimant's arguments with respect to the application of CPLR 205 (a) as it pertains to the dismissed Federal action are without merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.