OPINION OF THE COURT
Judith A. Hard, J.
This motion raises the question of whether it is possible to grant late claim relief, pursuant to section 10 (6) of the Court of Claims Act, for those claims for injury to or loss of personal *341 property brought by state prison inmates, which are subject to the time limitation contained in section 10 (9). The court concludes that such relief is not available.
Movant’s proposed claim alleges that on May 24, 2000, when he was taken to the Special Housing Unit,[1] his belongings were packed by a correction officer. On May 29, 2000, when he signed for the receipt of his property, he discovered many items to be missing. The proposed claim does not itemize the property but sets its total value at $172.35.
In support of the motion, movant states that he filed an institutional claim with respect to this property loss on December 26, 2001. That claim was denied initially and then denied again on appeal, with the final denial occurring on February 14, 2002 (Hahn affirmation, exhibit G). Pursuant to Court of Claims Act § 10 (9), property loss claims brought by State prison inmates are to be filed and served within 120 days after the date on which the inmate finally exhausts the administrative remedy established for personal property claims by the Department of Correctional Services (DOCS). Movant’s claim, therefore, should have been filed in June 2002.
The claim was not timely commenced, however, and movant asserts that his delay is excusable because it was caused by DOCS’ own error. In April 2002, movant was transferred to Wyoming Correctional Facility for a short period of time. When he returned to Bare Hill Correctional Facility that same month, some items of property — including court papers related to the May 2000 property loss — were missing (McCann affidavit 2). He informed prison officials in writing that he needed this material “to continue my claims in the court” (id,., exhibit A). When the missing items were returned to him in July 2002, he wrote another letter stating, “[B]e advised that this letter is being carbon copied and will be submitted to the Judge as proof of why I did not file within 120 days of receipt of claim from Attica Correctional Facility” (id., exhibit B).
Defendant takes the position that, even if the reason for delay could be considered excusable and all other factors weighed in movant’s favor, the Court of Claims nevertheless lacks jurisdiction to grant the motion, because the relief provided in Court of Claims Act § 10 (6) is simply unavailable with respect to claims for property loss brought by state prison *342 inmates. Defense counsel argues that the remedy contained in section 10 (6) is expressly available only to a litigant “who fails to file or serve upon the attorney general a claim or to serve upon the attorney general a notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing or serving” (emphasis added). The “foregoing subdivisions” referenced are those which set the applicable time limits for commencing actions based on appropriation of real property (subd [1]), wrongful death (subd [2]), property or personal injury caused by negligent, unintentional or intentional conduct (subds [3], [3-a], [3-b]), and breach of express or implied contract “and any other claim not otherwise provided for” (subd [4]).
These types of claims, including claims for property loss brought by those who are not state prison inmates, are governed by section 10 (3), and they must be filed and served, or a notice of intention served, within 90 days of their accrual.[2] If this deadline is not met, section 10 (6) permits the litigant to move for permission to late file at any time before the applicable CPLR article 2 statute of limitations runs. In the case of property loss caused by negligence, the applicable statute of limitations is three years (CPLR 214).
Until 1999, these same provisions were applicable to property loss claims commenced by state prison inmates. In that year, however, section 10 (9) was enacted as part of a prisoner litigation reform package (L 1999, ch 412, part D, § 2). The new subdivision requires that the available administrative remedies be exhausted before an action can be commenced in this court. As noted above, inmates are required to serve and file their claim within 120 days after final exhaustion. Section 10 (9) contains no reference to the late filing remedy found in section 10 (6). Based on the relative location of the two subdivisions and the use of the term “foregoing” in section 10 (6), therefore, defense counsel argues “that Claimant has no statutory authority to invoke Section 10, subdivision 6” because “[t]he plain language of the statute forbids it.” (Hahn affirmation 13.)
Defense counsel also asserts that “[t]he intent of the Legislature to limit the time in which to file and serve inmate property Claims is further evidenced by the fact that subdivision 9 did not contain [a] provision for the service of a notice of *343 intention” (id.). It has been held that because subdivision (9) does not contain any reference to notices of intention, the relief provided by section 10 (8) (which allows a notice of intention to be deemed the claim in certain circumstances) is no longer available with respect to inmate claims for property loss (Gloster v State of New York, UID No. 2002-011-550, Claim No. 103662, Motion No. M-64877, June 5, 2002, McNamara, J.).
Research has failed to disclose any decision in which it has been held that the much more significant relief afforded by section 10 (6) is unavailable to these litigants. In fact, a number of decisions simply assume, without discussion, that late claim relief is still available for prisoner property loss claims. In Spirles v State of New York (UID No. 2001-011-554, Motion No. M-63241, May 29, 2001), Judge Thomas J. McNamara denied an inmate’s motion to late file a bailment claim because there was no evidence of the date on which the inmate’s administrative remedies had been exhausted. He advised the movant to “either first exhaust his administrative remedy or re-file the application for permission to late file upon a proper showing that the administrative remedy has been exhausted.” In Gloster (supra), while denying the inmate’s request to have his notice of intention deemed a claim, Judge McNamara added that the ruling was made “without prejudice to an application pursuant to Court of Claims Act § 10(6) for permission to late file a claim.”
Judge Francis T. Collins has granted an inmate’s motion to late file a property loss claim (Barrows v State of New York, Ct Cl, Motion No. M-63413, July 27, 2001), observing that “[s]ince the proposed claim asserts a negligence cause of action, the three year Statute of Limitations set forth in CPLR § 214 applies and the motion is properly before the Court.” He has also, in dismissing an inmate’s property loss claim, noted that the claimant could still apply for late claim relief (Odell v State of New York, UID No. 2001-015-149, Claim No. 103316, Motion Nos. M-63084, M-63085, May 8, 2001). Judge Philip J. Patti, as well, granted an inmate’s motion to late file a property loss claim in Edwards v State of New York (UID No. 2002-013-012, Motion No. M-63697, Mar. 21, 2002). In that decision, he held that while claimants do not need to affirmatively plead exhaustion of administrative remedies in their claims, they must provide information about exhaustion in their papers supporting a section 10 (6) motion (accord, Castillo v State of New York, UID No. 2002-011-584, Motion No. M-65374, Sept. 10, 2002, McNamara, J.). Two other judges have denied motions to *344 late file inmate bailment actions but only because the motion was premature (Delano v State of New York, UID No. 2001-027-571, Motion No. M-62359, June 14, 2001, Waldon, Jr., J.) or the supporting papers failed to establish exhaustion with respect to all items alleged to be lost (Acosta v State of New York, UID No. 2002-019-543, Motion No. M-65080, July 2, 2002, Lebous, J.).
It does not appear that the argument now made by defense counsel was presented in any of these motions. Consequently, the decisions cannot be considered relevant authority on the issue presented here: whether the express language of section 10 (6) precludes late claim relief in connection with the prisoner property loss claims governed by the time limitation set forth in section 10 (9). Resolution of this issue therefore must rest on established principles of statutory construction.
The overriding principle of statutory construction is determining legislative intent (Riley v County of Broome, 95 NY2d 455, 463; McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]). In this instance, there is nothing in the language of either section 10 (6) or section 10 (9), or the legislative history of the latter provision, that is indicative of the lawmakers’ intention with respect to the continued availability of late claim relief for these claims. The Governor’s Bill Jacket for chapter 412 of the Laws of 1999 contains no memoranda, and the relevant Governor’s Program Bill Memorandum (1999 NY Legis Ann, at 233) only discusses the need to require that inmates exhaust administrative remedies before an action can be commenced in the Court of Claims.
Where the language of a statute is unambiguous and a literal interpretation does not result in conflict with some other statutory provision or clearly contravene the Legislature’s intention, “courts may not reject a literal construction” (Temple Marble & Tile v Union Carbide Marble Care, 87 NY2d 574, 580-581, quoting Matter of Schinasi, 277 NY 252, 259, rearg denied 278 NY 624; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 76 [“Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation”]). Here, the language of section 10 (6) clearly limits its remedy to the “foregoing” subdivisions of section 10. It is equally clear that subdivision (9) is not one of those “foregoing” subdivisions.
When it enacted subdivision (9), the Legislature was aware of the wording of section 10 (6) and could easily have removed *345 the reference to “foregoing” or placed the time limitations for inmate property loss claims into one of those earlier subdivisions, perhaps by adding another subdivision to section 10 (3), the section applicable to claims based on negligence or unintentional torts of state employees or officers. This mechanism has been employed in the past, to set time limits applicable to the unintentional torts of militia members (§ 10 [3-a]) and to set shorter time limits for claims based on the intentional torts of state officers and employees or militia members (§ 10 [3-b]). The Legislature neither changed the existing language of section 10 (6) nor employed the mechanism described above to position the new time limit for prisoner property loss claims so that it was encompassed by the language of section 10 (6).
“A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.)
If this court were to hold that, despite the express language of section 10 (6), the remedy it provides is also available to claims governed by section 10 (9), that ruling would, in effect, negate the Legislature’s decision to place the new subdivision after, rather than before, section 10 (6). Such a ruling would also contradict the unambiguous language of the statute.
There is, of course, no explanation as to why the Legislature would remove late claim relief from one discreet class of actions over which this court has jurisdiction: property loss claims only when they are brought by inmates of state prisons. It is not the province of the courts, however, to alter or read other meanings into a statute’s express terms. “The courts in construing statutes should avoid judicial legislation; they do not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its actions on matters within its powers.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 73.) The duty of the courts is “to discern and apply the will of the Legislature, not the court’s own perception of what might be equitable” (Matter of Orens v Novello, 99 NY2d 180, 185, quoting Matter of Sutka v Conners, 73 NY2d 395, 403). As the Court of Appeals recently reiterated, where the Legislature has spoken clearly, any further change must come from the Legislature, not the courts (Riley v County of Broome, 95 NY2d 455, 468, supra).
*346 Movant’s motion is denied on the ground that the relief he seeks, permission to file an untimely claim for personal property loss by a state prison inmate, is not authorized by Court of Claims Act § 10 (6).

. Although the proposed claim does not expressly state where these events occurred, other documentation makes it clear that it was at Attica Correctional Facility.

. If a notice of intention is used, then the claim must be filed and served within two years after accrual.