OPINION OF THE COURT
Philip J. Patti, J.
The defendant seeks dismissal of the claim as being untimely-served and filed. The claim sounds in bailment relating to the alleged loss of personal property by an inmate in a correctional facility and is governed by Court of Claims Act § 10 (9).
A brief chronology is helpful. The claim alleges that claimant became aware of the alleged loss of his personal property and filed an inmate claim form dated October 6, 2002, and then amended his administrative claim on October 16, 2002 (exhibit A appended to the claim). A notice of intention to file a claim was served upon the defendant on January 6, 2003. On January 21, 2003, claimant’s institutional claim was denied (exhibit C appended to the claim). Claimant appealed, and, by memorandum dated March 14, 2003 (exhibit N appended to the claim), his appeal was denied, thus exhausting his administrative remedies.
Pursuant to section 10 (9), a claim based upon an alleged loss of personal property by an inmate must be served and filed within 120 days after exhaustion of the administrative remedy. Section 10 (9) makes no provision for serving a notice of intention and thus may not be relied upon to extend the time within which a claim must be filed and served (Gloster v State of New York, Ct Cl, June 5, 2002, McNamara, J., No. 2002-011-550, Claim No. 103662, Motion No. M-64877).[1] Thus, in addition to defendant’s argument that the notice of intention was prematurely served prior to the exhaustion of administrative remedies, it has no bearing on an inmate’s bailment claim.
The defendant argues that the claim accrued on March 14, 2003, the date of the denial of claimant’s last administrative remedy (issuance date), and since it was served and filed on July 23, 2003, more than 120 days after exhaustion of the administrative remedy, it is untimely. Claimant urges a different accrual date, March 25, 2003, the date he received notice of the appeal determination (notification date), and if measured from that date, the claim is timely.
*832 Judges of this court have utilized both starting dates, generally without a discussion of the distinctions. However, in McCullough v State of New York (Ct Cl, Jan. 15, 2003, No. 2003-019-502, Claim No. 106814, Motion No. M-66098), Judge Ferris D. Lebous observed that “the proper trigger date is the date of the superintendent’s denial. To the extent that some courts have found that the date of notification of the denial governs, claimant has not appeared to present this argument nor offered any proof that any other alternate date is applicable” (slip op at n 2 [citations omitted]).
Claimant does present that very argument, and, of course, it matters. If measured from the notification date, the claim is timely, and defendant’s motion to dismiss would be denied. Consequently, a determination of which date constitutes exhaustion is dispositive.
The discordant opinions regarding which date starts the 120-day clock needs harmony. There does ¡not appear to be any discernible legislative guidance on this question. One may speculate that the Court of Claims Act’s 120-day period is analogous to proceedings under CPLR article 78 since, unlike any other provision in the Court of Claims Act, it is triggered by the exhaustion of administrative remedies. In article 78 proceedings, time is measured “within four months after the . . . determination to be reviewed becomes ‘final and binding upon the petitioner’ (CPLR 217 [1]; New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165) . . . when the petitioner seeking review has been aggrieved by it” (Matter of Yarbough v Franco, 95 NY2d 342, 346 [2000]). Before one embraces this analogy, in enacting section 10 (9), the Legislature did not select the four-month period familiar to practitioners in article 78 proceedings, but specified a more distinctive 120-day period. Since the Legislature intentionally selected a unique time period to apply section 10 (9), I am disinclined to analogize judicial interpretations of timeliness in article 78 proceedings.
One might infer that, because the service and filing periods for all other torts under the Court of Claims Act are measured by the shorter 90-day period from accrual of the causes of action (§ 10 [2], [3], [3-a], [3-b]; also see § 11), the Legislature provided inmates with an extra 30 days to allow for any delay between the issue date of the superintendent’s denial and the notification date.
The Legislature’s utilization of the specific measurement of 120 days, rather than the more vague four-month period, and *833 intentional addition of 30 days to the traditional 90-day period for torts, permits the inference that the exactness of the issuance date of the denial of the administrative remedy is an analogous specific measure of time and preferable to the more elusive date of actual notification to an inmate, or, for that matter, the date of mailing.[2]
For the sake of clarity, and for the specificity that the date of issuance provides, I find that the 120-day period should be measured from the date of the denial of the administrative appeal, not from the date of notification or the date of mailing. Section 10 (9) already provides an inmate a greater period in which to act than any other tort, and, in the absence of legislative guidance to the contrary, I can divine no reason to extend it even further.
Inasmuch as the claim was untimely served and filed, the motion is granted and the claim is dismissed.
In response to the motion, claimant makes a cross motion for permission to file a late claim pursuant to Court of Claims Act § 10 (6).[3] Preliminarily, the defendant questions the availability of late claim relief here, relying primarily on McCann v State of New York (194 Misc 2d 340 [2002]), and, in effect, seeks to have me revisit my conclusions articulated in Wright v State of New York (195 Misc 2d 597 [2003]). With due respect to defendant’s earnest arguments, I am disinclined to find contrarily in the absence of appellate guidance. The defendant’s opposition was limited to the viability of a late claim remedy, not the merits of the application.
Claimant correctly notes that this action is not barred under the provisions of CPLR article 2, and properly appends a proposed claim. In reviewing the merits of the motion, claimant’s excuse for failing to timely serve and file this claim in essence disputes the actual date of the exhaustion of his *834 administrative remedy, to wit, whether it is the issuance date of the denial or the notification date, and given my dismissal of the claim above, may be characterized as ignorance of the law. Whether this provides an adequate excuse, given the differing decisions by different judges, may be argued, but one need not satisfy all six statutory criteria to be successful (Bay Terrace Coop. Section TV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979 [1982]). Claimant notes that the underlying cause of action sounding in bailment accrued on October 3, 2002, that he submitted an institutional claim on October 6, 2002 and an amendment thereto on October 16, 2002, and served a notice of intention to file a claim by certified mail, return receipt requested, on January 6, 2003. At the very least, these submissions demonstrate notice of the essential facts underlying the claim, the opportunity for defendant to have investigated, and the absence of prejudice should this motion be granted. Claimant has no alternative remedy. As to the appearance of meritoriousness, the allegations of property missent or missing in the course of claimant’s transfer from Orleans Correctional Facility to Collins Correctional Facility, as well as allegations relating to disbursements for shipping fees, at least bear the appearance of merit (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11 [1977]). Claimant of course still has the burden of establishing the losses and the values thereof, and the defendant’s culpability, etc., at a trial of this claim.
Accordingly, after balancing the statutory factors and reviewing the proposed claim, the cross motion is granted and claimant may serve and file his proposed late claim, as required by the Court of Claims Act and Rules, within 45 days of service of a file-stamped copy of this order.

. Decisions and selected orders of the Court of Claims are available on the Internet at www.nyscourtofclaims.state.ny.us.

. The defendant notes another variant, using the date of mailing of the adverse ruling (Matter of Carter v State of New York, 95 NY2d 267), but this measurement of time merely murkifies the issue and is not considered further. Regardless, even if this methodology were applied here, the claim is untimely.

. To the extent that claimant suggests that his notice of intention be treated as a claim, that relief is denied because, as noted above, this cause of action is governed by Court of Claims Act § 10 (9), which, as has been noted above, makes no provision for utilization of a notice of intention (see Gloster v State of New York, Ct Cl, June 5, 2002, McNamara, J., No. 2002-011-550, Claim No. 103662, Motion No. M-64877, supra). Accordingly, that relief is unavailable to claimant here, even though he did indeed serve one. It of course can be, and has been, utilized for the purpose of demonstrating notice of the underlying facts in the late claim application.