■ In the Matter of BISWA N. DEY, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [779 NYS2d 383]—Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered September 23, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition as time-barred.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the amended petition is reinstated, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking additional time credits toward his retirement. Supreme Court erred in granting respondent's motion seeking dismissal of the amended petition as time-barred pursuant to CPLR 3211 (a) (5). Petitioner contends that the statute of limitations did not begin to run on the date of respondent's determination set forth in a letter dated March 6, 2003, but instead began to run on the date on which he actually received the determination and was aggrieved by it (*see Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834 [1983]). As respondent correctly concedes, an evidentiary hearing is necessary because the record contains no evidence concerning the date on which the determination was actually received by petitioner. We therefore reverse the judgment, reinstate the amended petition, and remit the matter to Supreme Court for an evidentiary hearing pursuant to CPLR 3211 (c) on that issue. Present—Pine, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.