Same memorandum as in *Roberts v State of New York* (11 AD3d 1000 [2004]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.

GREGORY ROBERTS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 107029.) (Appeal No. 2.) [783 NYS2d 190]—

Appeal from an order of the Court of Claims (Nicholas V. Midey, Jr., J.), entered June 18, 2003. The order, insofar as appealed from, granted claimant's motion for permission to file a late claim.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and claimant's motion is denied.

Memorandum: In each of these consolidated appeals, defendant appeals from an order granting the respective motions of claimants for permission to file a late inmate property claim pursuant to Court of Claims Act § 10 (6). In addition, in appeal No. 2 defendant moved to dismiss the claim, and the Court of Claims granted that motion.

We dismiss the appeal from the order in appeal No. 1 as moot. It is undisputed that the claimant therein failed to file his late claim within the 60-day period set forth in the order on appeal and that, based on that failure, the court subsequently dismissed his claim.

With respect to appeal Nos. 2 and 3, we conclude that the court erred in granting the motions of the respective claimants therein pursuant to Court of Claims Act § 10 (6) (*see McCann v State of New York*, 194 Misc 2d 340 [2002]). Court of Claims Act § 10 (9) expressly provides in relevant part that an inmate must file and serve a claim for loss of personal property within 120 days after exhausting "the personal property claims administrative remedy, established for inmates by the department [of correctional services]." "[I]t has been repeatedly held that the requirements of the Court of Claims Act as to the filing of claims must be strictly construed because the question of timeliness of filing is jurisdictional" (*Matter of Welch v State of New York*, 71 AD2d 494, 498 [1979], *lv denied* 50 NY2d 802 [1980]). Based upon the unambiguous language of the statute (*see Riley v County of Broome*, 95 NY2d 455, 463 [2000]), we conclude that the discretionary authority to grant permission to file a late claim pursuant to Court of Claims Act § 10 (6) does not apply to the inmate claims herein. The remedy of permission to file a late claim contained in section 10 (6) is expressly available only to a litigant who fails to file or serve a claim upon the attorney general or fails to serve a notice of intention upon the attorney general "as provided in the foregoing subdivisions," which obviously do not include subdivision (9), a subsequent subdivision. The "foregoing subdivisions" referred to in subdivision (6) set forth the applicable time limits for filing claims based on appropriation of real property (§ 10 [1]), wrongful death (§ 10 [2]), property damage or personal injury caused by negligent, unintentional or intentional conduct (§ 10 [3], [3-a], [3-b]), and breach of express or implied contract and any other claim not otherwise provided for by section 10 (§ 10 [4]). We conclude that the failure to include inmate property claims in the subdivisions preceding subdivision (6) when they were specifically made the subject of subdivision (9) "may be construed as an indication that [their] exclusion was intended" (McKinney's Cons Laws of NY, Book 1, Statutes § 74). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.