■ ALFRED C. BLANCHE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 108042.) [794 NYS2d 235]—

Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered March 19, 2004. The order granted defendant's motion to dismiss the claim and granted claimant's cross motion for permission to file a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the claim is reinstated and the cross motion is dismissed.

Memorandum: Claimant, an inmate in the custody of the Department of Correctional Services (DOCS), appeals from an order granting defendant's motion to dismiss his claim on the ground that the claim was not timely filed in accordance with Court of Claims Act § 10 (9) and granting his cross motion for permission to file a late notice of claim (*see Blanche v State of New York*, 3 Misc 3d 830 [2004]). Court of Claims Act § 10 (9) provides that an inmate's claim "for recovery of damages for injury to or loss of personal property may not be filed unless and until the inmate has exhausted the personal property claims administrative remedy, established for inmates by [DOCS]," and that "[s]uch claim must be filed and served within one hundred twenty days after the date on which the inmate has exhausted such remedy."

Here, claimant complied with the requirement of seeking administrative review of his claim. DOCS denied the request for review on March 14, 2003. Claimant alleges that he received that determination on March 25, 2003, and defendant does not contest that allegation (*cf. Matter of Dey v New York State Teachers' Retirement Sys.*, 9 AD3d 908 [2004]). Claimant served and filed his claim on July 17, 2003, more than 120 days from the date of the determination, but within 120 days of the date claimant allegedly received the determination. The Court of Claims concluded that the claim had accrued on the date of the determination, not the date that claimant received it. We disagree.

The legislative history of Court of Claims Act § 10 (9) provides no guidance regarding the accrual date for statute of limitations purposes. By way of analogy, CPLR 217 (1) provides for a four-

month statute of limitations period for a petition under CPLR article 78 to challenge a determination, and the period begins to run on the date that the determination to be reviewed becomes "final and binding upon the petitioner," that is, the date that the petitioner has been aggrieved by the determination (*see Matter of Yarbough v Franco*, 95 NY2d 342, 346 [2000]). The petitioner is not aggrieved by the mere issuance of an adverse determination, but by the receipt of notice of that determination (*see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]). We conclude that Court of Claims Act § 10 (9) is analogous to CPLR 217 (1), not only because Court of Claims Act § 10 (9) imposes an additional burden on the claimant to exhaust administrative remedies, but also because the court lacks the discretionary authority under section 10 (6) to grant permission to file a late claim if that claim arises under section 10 (9) (*see Roberts v State of New York*, 11 AD3d 1000 [2004]). In both respects, claims arising under Court of Claims Act § 10 (9) are akin to CPLR article 78 proceedings and are unlike claims arising under the other provisions of the Court of Claims Act relied upon by the court (Court of Claims Act § 10 [2], [3], [3-a], [3-b]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ. [*See* 3 Misc 3d 830 (2004).]