■ SAMANTHA C. MILNER, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent. [805 NYS2d 480]—

Rose, J. Appeal from an order of the Court of Claims (Sise, J.), entered May 26, 2004, which, inter alia, granted defendant's motion for summary judgment dismissing the claim.

Claimant defaulted on three student loans initially guaranteed and later purchased by defendant. As required by 34 CFR 682.410 (b) (5), defendant informed the credit bureaus of claimant's default on one of these loans beginning in November 1993 and continuing monthly thereafter until August 2000. Claimant filed this claim on May 8, 2001, alleging that defendant's reporting was defamatory because it identified a loan she did not owe. After defendant moved for summary judgment dismissing the claim on the ground that it was not timely

filed and barred by the statute of limitations, claimant cross-moved for leave to file a late claim. The Court of Claims dismissed her claim as time-barred, prompting this appeal.

As defamation is an intentional tort, claimant was required to serve and file the claim, or serve and file a notice of intention to file the claim, within 90 days of its accrual (*see* Court of Claims Act § 10 [3-b]; *Skiptunas v State of New York*, 290 AD2d 868, 870 [2002]). Absent republication, such claims accrue at the time of first publication (*see Firth v State of New York*, 98 NY2d 365, 370-371 [2002]). Although claimant alleged that the defamatory statement was published anew when defendant retained a collection agency in November or December 2000, her claim nonetheless fails because she did not file her claim within 90 days thereafter. In addition, the Court of Claims correctly determined that claimant's cross motion for permission to file a late claim was untimely because it was not made until 2003, well beyond the one-year limitations period applicable to defamation claims under CPLR 215 (3) (*see* Court of Claims Act § 10 [6]; *Mallory v State of New York*, 196 AD2d 925, 926 [1993]). Given this untimeliness, we need not consider whether the statements in 2000 constituted republication.

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 4 Misc 3d 221 (2004).]