■ CHARLES WATSON, Appellant, v STATE OF NEW YORK, Respondent. [827 NYS2d 305]—

Mercure, J.P. Appeal from an order of the Court of Claims (Hard, J.), entered February 22, 2006, which granted defendant's motion to dismiss the claim.

Claimant, at all relevant times a prison inmate at Clinton Correctional Facility in Clinton County, filed a claim on July 5, 2005 setting forth four separate causes of action. The first two causes of action were based on claimant's allegation that certain medical treatment had been wrongly discontinued between January 14, 2005 and January 27, 2005 in retaliation for his filing of a grievance. The remaining two causes of action were premised upon claimant's allegation that he was not provided adequate winter clothing during the 2003-2005. Defendant moved to dismiss the claim on the grounds that it was untimely and/or it improperly asserted a constitutional tort. The Court of Claims agreed and granted defendant's motion. Claimant thereafter moved for reargument with respect to the first two causes of action and renewal with regard to the other two claims. The Court of Claims granted the portion of the motion seeking rear-

gument and adhered to its prior decision, and denied the portion of the motion seeking renewal. Claimant now appeals from the original order dismissing the claim.

We affirm. Claimant's first two causes of action alleging the withholding of medical treatment from January 14, 2005 through January 27, 2005 were appropriately dismissed as time barred. It is uncontroverted that claimant did not file and serve his claim until July 5, 2005. Thus, even assuming arguendo that January 27, 2005 was the accrual date, the claim was not filed and served until more than 90 days thereafter (*see* Court of Claims Act § 10 [3-b]; *Milner v New York State Higher Educ. Servs. Corp.*, 24 AD3d 977, 978 [2005]; *Skiptunas v State of New York*, 290 AD2d 868, 870 [2002]). In addition, because the crux of the claim was the *deprivation* of medical treatment for a particular period of time and not that claimant received continuing treatment for his condition, we reject his assertion that he was entitled to a tolling of the statute of limitations pursuant to the "continuing treatment" doctrine (*see Salquerro v State of New York*, 212 AD2d 827, 828 [1995]).

Turning to the part of claimant's appeal seeking relief from the Court of Claims' dismissal of the remaining two causes of action alleging the failure to supply sufficient winter clothing, those causes of action were likewise untimely for failure to file and serve the claim within 90 days after the date on which the claim accrued (*see* Court of Claims Act § 10 [3-b]; *Milner v New York State Higher Educ. Servs. Corp., supra* at 978; *Skiptunas v State of New York, supra* at 870 [2002]). The claims accrued at the latest, during the 2003-2004 winter season, the first winter that claimant spent at the facility, inasmuch as that was the time that the purported injury was suffered (*see Konigsberg v State of New York*, 256 AD2d 982, 982-983 [1998]; *Marine Midland Bank v State of New York*, 195 AD2d 871, 873 [1993], *lv denied* 82 NY2d 661 [1993]). Thus, claimant's July 5, 2005 filing and service of the claim was well after the allowable 90 days. Moreover, contrary to claimant's contention, the "continuing violation" doctrine, which serves to toll the running of the limitations period to the date of the last wrongful act, is not applicable here. That doctrine can be predicated only on continuing unlawful conduct and not, as here, on the continuing effects of prior unlawful conduct (*see Bullard v State of New York*, 307 AD2d 676, 678 [2003]; *Selkirk v State of New York*, 249 AD2d 818, 819 [1998]). Finally, claimant's fourth cause of action asserting a constitutional tort is barred in any event because claimant had an alternative legal remedy in the form of a CPLR article 78 proceeding (*see Martinez v City of Schenectady*, 97 NY2d 78, 83-84 [2001]; *Bullard v State of New York, supra* at 678-679).

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs. [By unpublished motion entered Feb. 26, 2007, this decision was recalled and vacated and replaced with the above text.]