1198

Cardona, P.J. Appeal from an order of the Court of Claims (Lebous, J.), entered July 28, 2005, which denied claimant's motion to have his notice of intention to file a claim treated as a claim pursuant to Court of Claims Act § 10 (8).

Claimant is an inmate in the custody of the Department of Correctional Services (hereinafter DOCS). On April 2, 2003, claimant served the Attorney General with a form entitled "Notice of Intention to File a Claim." The form alleged that, between April and October 2002, DOCS personnel lost some of claimant's personal belongings while transferring him to different facilities. He did not file a claim in the Court of Claims seeking to recover damages for any of the items allegedly lost. Thereafter, in November 2004, claimant served upon defendant a notice of intention to file a late claim under Court of Claims Act § 10 (6). Claimant then made a motion seeking to have that claim accepted for filing "nunc pro tunc." The Court of Claims denied the motion and, in May 2005, claimant moved for, among other things, an order directing that his April 2003 notice of intention to file a claim be deemed a claim pursuant to Court of Claims Act § 10 (8). The court denied that motion as well, prompting this appeal from the latter order.

Claimant's motion was properly denied. It is clear that "the requirements of the Court of Claims Act as to the filing of claims must be strictly construed because the question of timeliness of filing is jurisdictional" (*Roberts v State of New York*, 11 AD3d 1000, 1001 [2004] [internal quotation marks and citations omitted]). As relevant herein, Court of Claims Act § 10 (9) expressly requires an inmate seeking to recover damages for lost personal property to file a claim within 120 days following the exhaustion of available administrative remedies (*see Matter of McCullough v State of New York*, 3 AD3d 749, 749 [2004]). Significantly, unlike Court of Claims Act § 10 (2), (3), (3-a), (3-b) and (4), there is no provision in Court of Claims Act § 10 (9) which allows for service of a notice of intention to file a claim as a means of extending the time that a claim may be served or

filed. Given the "fundamental tenet of statutory construction that . . . what is omitted or not included was intended to be omitted or excluded" (*Preferred Mut. Ins. Co. v State of New York*, 196 AD2d 384, 385-386 [1994] [internal quotation marks and citation omitted]; *cf. Roberts v State of New York, supra* at 1001), we conclude that claimant's service of a notice of intention to file a claim did not provide any basis for relief under Court of Claims Act § 10 (8) (a).

Claimant's remaining contentions, to the extent not specifically addressed herein, have been considered and found to be unpersuasive.

Mercure, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.