■ TIMOTHY D. BUSH, Appellant, v STATE OF NEW YORK, Respondent. [875 NYS2d 634]—

Kane, J. Appeal from an order of the Court of Claims (Schaewe, J.), entered January 28, 2008, which granted defendant's motion to dismiss the claim.

Claimant, an inmate, alleged that certain items of his personal property were lost by the Department of Correctional Services.

When claimant's administrative remedies were exhausted upon receipt of a memo dated September 1, 2004 denying his claim, claimant served upon defendant a notice of intention to file a claim. Claimant subsequently filed a claim against defendant on April 18, 2005. The Court of Claims dismissed the claim as untimely, prompting this appeal.

We affirm. It is well established that "the requirements of the Court of Claims Act as to the filing of claims must be strictly construed because the question of timeliness of filing is jurisdictional" (*Matter of Welch v State of New York*, 71 AD2d 494, 498 [1979], *lv denied* 50 NY2d 802 [1980]; *accord Roberts v State of New York*, 11 AD3d 1000, 1001 [2004]). Pursuant to Court of Claims Act § 10 (9), an inmate seeking to recover damages for lost personal property must file a claim within 120 days of exhausting his or her administrative remedies (*see Pristell v State of New York*, 40 AD3d 1198, 1198 [2007]; *Matter of McCullough v State of New York*, 3 AD3d 749, 749 [2004]). Contrary to claimant's contention, his filing of a notice of intention to file a claim did not extend the time within which the claim must be served or filed (*see Pristell v State of New York*, 40 AD3d at 1198-1199). As claimant filed his claim well beyond the 120-day limit, the Court of Claims properly dismissed it as untimely.

Claimant's remaining contentions were either not raised before the Court of Claims and are therefore unpreserved for our review (*see Carter v State of New York*, 284 AD2d 810, 811 [2001]) or have been considered and found to be unpersuasive.

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.