■ LAWRENCE G. SPAIGHT, Appellant, v STATE OF NEW YORK, Respondent. [936 NYS2d 713]—

Garry, J.

We affirm. Court of Claims Act § 11 (a) (i) provides that a party seeking to file a claim against defendant must serve a copy of it upon the Attorney General by certified mail, return receipt requested. As the claim here was sent by ordinary mail, the Court of Claims was deprived of subject matter jurisdiction and, therefore, the claim was properly dismissed (*see Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 723 [1989]; *Rodriguez v State of New York*, 307 AD2d 657, 657 [2003]). Contrary to claimant's argument, this fatal defect was not cured by his May 2009 service of a notice of intention to file a claim utilizing the appropriate method of service. There is no provision under Court of Claims Act § 10 (9) of a notice of intention to file a claim as a means of extending the time that a claim

may be served or filed (*see Pristell v State of New York*, 40 AD3d 1198, 1198-1199 [2007]). Even assuming, arguendo, that the May 2009 notice of intention to file a claim was sufficient to meet the prerequisites for a claim, invocation of Court of Claims Act § 10 (8) (a) would be fruitless herein, as the 120-day limit contained in Court of Claims Act § 10 (9) for inmate property claims had already expired (*see Bush v State of New York*, 60 AD3d 1244, 1245 [2009]).

Claimant's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be unpersuasive.

Peters, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.