Peters, P.J.
Appeal from an order of the Court of Claims (Weinstein, J.), entered September 24, 2012, which granted defendant’s motion to dismiss the claim.
Claimant, an inmate, commenced this action seeking to recover damages for defendant’s alleged improper disclosure of his confidential medical records. Defendant answered and thereafter moved to dismiss the claim on the basis that it was not timely filed and served. The Court of Claims granted the motion, and this appeal ensued.
We affirm. “It is well established that the requirements of the Court of Claims Act as to the filing of claims must be strictly construed because the question of timeliness of filing is jurisdictional” (Bush v State of New York, 60 AD3d 1244, 1245 [2009] [internal quotation marks and citation omitted]; see Caci v State of New York, 107 AD3d 1121, 1122 [2013]). Whether grounded in negligence or intentional tort, claimant was required to serve and file his claim, or serve a notice of intention to file the claim, within 90 days of its accrual (see Court of Claims Act §§ 10 [3], [3-b]; 11 [a] [i]; Skiptunas v State of New York, 290 AD2d 868, 870 [2002]). Claimant’s claim accrued on August 23, 2007, the date when he alleges that defendant disclosed his confidential medical information (see A.F. v State of New York, 60 AD3d 1222, 1223 [2009]). As claimant failed to file his claim within 90 days thereof, the Court of Claims was divested of subject matter jurisdiction and the claim was properly dismissed (see Davis v State of New York, 89 AD3d 1287, 1287-1288 [2011]; Milner v New York State Higher Educ. Servs. Corp., 24 AD3d 977, 978 [2005]).
Claimant’s argument that his claim should have been treated as a timely served notice of intention to file a claim was not raised before the Court of Claims and, therefore, is unpreserved for our review (see Bush v State of New York, 60 AD3d at 1245; Carter v State of New York, 284 AD2d 810, 811 [2001]).* To the extent not specifically addressed herein, claimant’s remaining contentions have been reviewed and found to be without merit.
Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Even assuming, arguendo, that a claim may properly be treated as a notice of intention to file a claim (compare Court of Claims Act § 10 [8] [permitting a claimant to apply for permission to have a timely served notice of intention to file a claim deemed a timely served claim]), any such treatment would be fruitless here inasmuch as claimant did not serve a subsequent claim upon the Attorney General as required by Court of Claims Act § 10 (3) (see Caci v State of New York, 107 AD3d at 1121 n 1, 1124; cf. Spaight v State of New York, 91 AD3d 995, 996 [2012]).