*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 17, 2016                    520295
_____

RASHAD SCOTT,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

        Rashad Scott, Stormville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

_____

Peters, P.J.

        Appeal from an order of the Court of Claims (Mignano, J.), entered March 24, 2014, which granted defendant's motion to dismiss the claim.

        Claimant, an inmate, filed a claim alleging that the Department of Corrections and Community Supervision lost certain items of his personal property when he was transferred from one correctional facility to another.  Defendant answered, asserting that claimant failed to file his claim within 120 days of exhausting his administrative remedies, and subsequently moved to dismiss the claim on that ground.  The Court of Claims dismissed the claim as untimely, and claimant now appeals.

        Court of Claims Act § 10 (9) provides that an inmate seeking to recover damages for the loss of personal property must

file and serve a claim within 120 days of exhausting all administrative remedies (see Bush v State of New York, 60 AD3d 1244, 1245 [2009]; Pristell v State of New York, 40 AD3d 1198, 1198 [2007]). For accrual purposes, a claimant is deemed to have exhausted all of his or her administrative remedies on the date on which he or she received notice of the final administrative determination (see Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834 [1983]; Blanche v State of New York, 17 AD3d 1069, 1071 [2005]). Because the timeliness requirements imposed by the Court of Claims Act have jurisdictional implications, they must be strictly construed (see Encarnacion v State of New York, 112 AD3d 1003, 1004 [2013]; Bush v State of New York, 60 AD3d at 1245). Here, the only evidence provided as to the date on which claimant received actual notice of the final administrative determination supports the conclusion that claimant filed and served his claim outside of the 120-day limit. As such, the Court of Claims properly dismissed the claim.

We also reject claimant's alternative argument that any delay in serving and filing his claim was excusable. While Court of Claims Act § 10 (6) vests the Court of Claims with the authority to grant leave to file a late claim in certain instances, such authority does not extend to claims filed pursuant to Court of Claims Act § 10 (9) (see Blanche v State of New York, 17 AD3d at 1071; Roberts v State of New York, 11 AD3d 1000, 1001 [2004]; McCann v State of New York, 194 Misc 2d 340, 341-346 [Ct Cl 2002]). Claimant's remaining contentions, to the extent not already addressed, have been examined and found to be without merit.

Garry, Rose, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court