*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                    519149
_____

SCOTT YOUNG,
                        Appellant,

            v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK et al.,
                        Respondents.
_____

Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

        Scott Young, Auburn, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.

_____

Lahtinen, J.

        Appeal from an order of the Court of Claims (Debow, J.), entered May 3, 2014, which, among other things, granted defendants' motion to dismiss the claim.

        Claimant, an inmate, requested reimbursement for the value of personal property allegedly lost as a result of his transfer from one correctional facility to another.  His request was denied and his administrative remedies with respect to such denial were exhausted on June 17, 2013.  Thereafter, he filed a claim against defendants seeking the same relief.[1]  The claim was served by priority mail and received by the Attorney General on

_____

        [1]  Claimant filed a notice of intention to file a claim prior to exhausting his administrative remedies.

October 23, 2013. Defendants served an answer and then moved to dismiss the claim on the ground that it was untimely and not properly served in accordance with the requirements of Court of Claims Act §§ 10 (9) and 11 (a) (1). Claimant opposed the motion and cross-moved to, among other things, file a late claim. The Court of Claims denied claimant's cross motion, granted defendants' motion and dismissed the claim. Claimant now appeals.

Initially, we note that the time requirements set forth in the Court of Claims Act for filing a claim are strictly construed, as such requirements are jurisdictional in nature (see Encarnacion v State of New York, 112 AD3d 1003, 1004 [2013]; Roberts v State of New York, 11 AD3d 1000, 1001 [2004]). Court of Claims Act § 10 (9) provides that an inmate filing a claim for loss of property must file and serve it within 120 days of the date that administrative remedies were exhausted (see Bush v State of New York, 60 AD3d 1244, 1245 [2009]). In addition, Court of Claims Act § 11 (a) (1) requires that the claim be served upon the Attorney General either personally or by certified mail, return receipt requested (see Miranda v State of New York, 113 AD3d 943, 943 [2014]; Spaight v State of New York, 91 AD3d 995, 995 [2012]) and provides that service is not complete until the claim is received by the Attorney General (see Brown v New York State Bd. of Parole, 11 AD3d 842, 843 [2004]). Here, the 120-day period expired on October 15, 2013. The claim, however, was not served either personally or by certified mail and the Attorney General did not receive it until October 23, 2013. In view of claimant's failure to comply with the statutory requirements, the claim was properly dismissed.

Although claimant argues that the deficiencies in service were the fault of the prison officials who failed to mail the claim in a timely and proper manner, the record does not substantiate this assertion. Furthermore, to the extent that claimant cross-moved for permission to file a late claim (see Court of Claims Act § 10 [6]) or, alternatively, to treat the notice of intention to file a claim as a claim (see Court of Claims Act § 10 [8] [a]), such remedies are not applicable to inmate property claims under Court of Claims Act § 10 (9) (see Spaight v State of New York, 91 AD3d at 995-996; Pristell v State

of New York, 40 AD3d 1198, 1198-1199 [2007]; Roberts v State of New York, 11 AD3d at 1001).  Therefore, we find no reason to disturb the order of the Court of Claims.

Peters, P.J., Rose, Lynch and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:


Robert D. Mayberger
Clerk of the Court