Gasparro v State of New York (2018 NY Slip Op 05249)





Gasparro v State of New York


2018 NY Slip Op 05249


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525832

[*1]THOMAS GASPARRO, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Annette G. Hasapidis, South Salem, for appellant.
Barbara D. Underwood, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Court of Claims (Hard, J.), entered January 12, 2017, which granted defendant's motion for dismissal of the claim.
On December 23, 2013, claimant filed a notice of intention to file a claim alleging that defendant negligently failed to treat an infection in his left knee between July and August 2013 while he was incarcerated at Ulster Correctional Facility, which resulted in an above-the-knee amputation of his leg. Claimant further alleges that, after the surgery, he received continuous treatment from defendant's medical staff for pain associated with his amputated leg. Following joinder of issue, defendant moved for dismissal of the claim on the ground that it was untimely. Rejecting claimant's assertion that the statute of limitations was tolled based upon the continuous treatment doctrine, the Court of Claims granted the application and dismissed the claim. Claimant appeals, and we affirm.
Pursuant to Court of Claims Act § 10 (3), a claim or a notice of intention to file a claim must be filed within 90 days of the accrual of a claim for negligence or unintentional tort against an officer or employee of defendant. Claimant concedes that his claim accrued, at the latest, on August 12, 2013, and it is uncontroverted that the notice of intention to file a claim was not filed until more than 90 days thereafter. Accordingly, the claim is time-barred unless claimant can establish the applicability of the continuous treatment doctrine. Under this doctrine, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or [*2]complaint'" (McDermott v Torre, 56 NY2d 399, 405 [1982], quoting Borgia v City of New York, 12 NY2d 151, 155 [1962]; accord Lohnas v Luzi, 30 NY3d 752, 755-756 [2018]; Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1988]). "Essential to the application of the continuous treatment doctrine is 'a course of treatment established with respect to the condition that gives rise to the lawsuit'" (Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 268 [2002], quoting Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]; accord Dugan v Troy Pediatrics, LLP, 105 AD3d 1188, 1189 [2013]). "Significantly, a failure to establish a course of treatment is not a course of treatment" (Dugan v Troy Pediatrics, LLP, 105 AD3d at 1189 [citations omitted]; see Young v New York City Health & Hosps. Corp., 91 NY2d at 296; Nykorchuck v Henriques, 78 NY2d at 259).
Here, the gravamen of the malpractice claim is not that certain negligent acts or omissions occurred during a course of treatment for claimant's knee infection, but rather that defendant was negligent in failing to provide any medical treatment for the infection during July and August 2013. Stated differently, the "the crux of the claim was the deprivation of medical treatment for a particular period of time and not that claimant received continuing treatment for his [infection]" (Watson v State of New York, 35 AD3d 985, 986 [2006], lv denied 8 NY3d 816 [2007]). Such omissions do not, however, implicate the continuous treatment doctrine (see id.; Toxey v State of New York, 279 AD2d 927, 928 [2001], lv denied 96 NY2d 711 [2001]; Salquerro v State of New York, 212 AD2d 827, 828 [1995]). As the Court of Appeals has established, "[w]hile the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" (Nykorchuck v Henriques, 78 NY2d at 259; see Hauss v Community Care Physicians, P.C., 119 AD3d 1037, 1038-1039 [2014]; Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 973 [2012]; Baptiste v Harding-Marin, 88 AD3d 752, 753-754 [2011], lv denied 19 NY3d 808 [2012]; Johanson v Sullivan, 68 AD3d 1303, 1304-1305 [2009]). Thus, the claim was properly dismissed as time-barred.
Devine, J.P., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.