■ Dominic DeCicco et al., Respondents, v City of Syracuse, Appellant. [890 NYS2d 850]—

Memorandum: Plaintiffs commenced this action on March 20, 2008 seeking damages resulting from an incident on December 20, 2006, in which firefighters employed by defendant broke down the door to plaintiffs' residence while responding to a report of a fire. Defendant moved to dismiss the complaint on the ground that the action was commenced one year and 91 days after the date of the incident, and thus it is time-barred by one day, pursuant to General Municipal Law § 50-i (1). Supreme Court denied the motion on the ground that February 29, 2008 could not be counted pursuant to General Construction Law § 58, and thus that the action is not time-barred. We reverse.

Pursuant to General Municipal Law § 50-i (1), a plaintiff has "one year *and* ninety days" in which to commence an action "after the happening of the event" (emphasis added). We agree with defendant that, pursuant to the plain language of the statute, the one-year period must be counted first, followed by the 90-day period (*see generally Matter of Antine v City of New York*, 14 Misc 3d 161, 173 [2006]). Inasmuch as the 90-day period is considered independently, it is not governed by General Construction Law § 58, which defines the term "year" in a statute. Rather, the 90-day period is governed by General Construction Law § 20, which requires a calculation of the "number of calendar days exclusive of the calendar day from which the reckoning is made." Here, the action was commenced one year and 91 days after December 20, 2006, and thus it is time-barred. Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.