■ PAUL TURNER, Respondent, v CITY OF NEW YORK et al., Appellants. [943 NYS2d 454]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered January 19, 2011, which granted petitioner's motion to deem the notice of claim timely filed nunc pro tunc, unanimously reversed, on the law and the facts, without costs, and the motion denied.

Petitioner was injured on April 14, 2009 while working in an elevator in defendants' building. Plaintiff believed that he could not sue because his claim was covered by the Workers' Compensation Law, and thus, he did not seek legal advice until July 13,

2010. On that day, he retained counsel who immediately served a notice of claim. The next day, July 14, 2010, counsel sought an order deeming the notice of claim to have been timely served.

A tort action against a municipality cannot be maintained unless a timely notice of claim is served, and the action is commenced within one year and 90 days after the "happening of the event upon which the claim is based" (General Municipal Law § 50-i [1]). The court is without power to consider an application to file a late notice of claim after expiration of that limitations period (*see Pierson v City of New York*, 56 NY2d 950, 954-955 [1982]).

In calculating the limitations period, the day of the accident is excluded, the one-year period is counted as 365 days, and then the 90-day period is counted (*see DeCicco v City of Syracuse*, 68 AD3d 1771 [2009]; *see also* General Construction Law §§ 20, 58). The one-year period leads to the anniversary date of the event, here April 14, 2010, not April 15, 2010, as calculated by petitioner (*see* 221 Siegel's Practice Review, *Year And 90 Days For Action Against Municipality Is Not Same As Year And 3 Months—And Difference Brings Dismissal*, at 4 [May 2010]). The limitations period expired 90 days later, on July 13, 2010, and thus, the application made on July 14, 2010 was untimely (*see Pietrowski v City of New York*, 166 AD2d 423, 425 [1990]; *Bacalokonstantis v Nichols*, 141 AD2d 482 [1988]). Concur— Tom, J.P., Friedman, Catterson, Acosta and Freedman, JJ.