## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   December 29, 2016                522012
_____

WILLIAM STEELE,
                    Respondent,

          v                              MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Appellant.
_____

Calendar Date:   November 21, 2016

Before:   McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for appellant.

        William Steele, Dannemora, respondent pro se.

_____

Lynch, J.

        Appeal from a judgment of the Court of Claims (Mignano, J.), entered August 12, 2015, upon a decision of the court in favor of claimant.

        Claimant, an inmate, was found to have violated certain disciplinary rules for assaulting his cellmate and was confined to the special housing unit (hereinafter SHU) for five months. He was released from SHU on May 27, 2012.  Claimant challenged the disciplinary determination through a CPLR article 78 proceeding, contending that the Hearing Officer failed to properly inquire as to the cellmate's refusal to testify (see generally Matter of Cortorreal v Annucci, 123 AD3d 1337 [2014], revd 28 NY3d 54 [2016]).  Supreme Court agreed and annulled the determination in September 2012.

Claimant then filed this claim, dated October 29, 2012 and served on November 19, 2012, seeking monetary damages for his wrongful confinement in the SHU.  In its answer, defendant raised subject matter jurisdiction as a defense, contending that claimant failed to serve the claim within 90 days of accrual, as required by Court of Claims Act §§ 10 (3) and 11 (c).  In denying claimant's subsequent motion for summary judgment, the Court of Claims declined to strike this defense, finding the record inadequate.  In so doing, the court further instructed that any motions must be made by September 16, 2013.  Notably, claimant did not alternatively move for permission to file a late claim (see Court of Claims Act § 10 [6]).

At the commencement of the trial on December 18, 2014, defendant orally moved to dismiss the claim for lack of subject matter jurisdiction.  The Court of Claims reserved decision, advising the issue would be addressed posttrial.  Following trial, the court denied defendant's motion to dismiss, finding that defendant waived the defense by failing to comply with its stated motion deadline. The court then ruled in claimant's favor and awarded $1,540 in damages.  Defendant appeals.

We reverse.  This Court has determined that a claim for wrongful confinement accrues upon a claimant's release from the SHU (see Campos v State of New York, 139 AD3d 1276, 1277 [2016]; Davis v State of New York, 89 AD3d 1287, 1287 [2011]).  On that measure, the claim was clearly untimely as the 90-day period in which to serve a claim expired on August 27, 2012.  A failure to comply with the time provisions of Court of Claims Act § 10 divests the Court of Claims of subject matter jurisdiction (see Lyles v State of New York, 3 NY3d 396, 400 [2004]; Baysah v State of New York, 134 AD3d 1304, 1305 [2015]).  Statutorily, such a failure may be waived where the defense is neither raised in a pre-answer motion to dismiss or in the responsive pleading (see Court of Claims Act § 11 [c]).  Here, as indicated, defendant duly preserved the defense in its answer (see City of New York v State of New York, 46 AD3d 1168, 1170 [2007], lv denied 10 NY3d 705 [2008]).  Since defendant has not otherwise waived its sovereign immunity, the court lacked authority to impose a pretrial motion deadline precluding this defense (see Court of Claims Act § 8; Lyles v State of New York, 3 NY3d at 400-401).

As such, claimant's failure to timely serve the claim deprived the Court of Claims of subject matter jurisdiction, and the claim must be dismissed.

 McCarthy, J.P., Rose, Clark and Aarons, JJ., concur.


 ORDERED that the judgment is reversed, on the law, without costs, and claim dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court