Dawes v State of New York (2018 NY Slip Op 08387)





Dawes v State of New York


2018 NY Slip Op 08387


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

523313

[*1]IAN DAWES, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Ian Dawes, Comstock, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Owen Demuth of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Court of Claims (Martin, J.), entered November 23, 2015, which, among other things, granted defendant's cross motion for dismissal of the claim.
Claimant, an inmate, was confined in the special housing unit (hereinafter SHU) as a result of two disciplinary determinations. He was released from the SHU on June 7, 2013. After his administrative appeals were unsuccessful, claimant commenced a CPLR article 78 proceeding that resulted in a judgment annulling both disciplinary determinations. In July 2014, claimant filed this claim seeking damages for wrongful confinement. Defendant served an answer that did not assert the statute of limitations as an affirmative defense. Thereafter, claimant moved for summary judgment and defendant cross-moved to amend its answer to assert a statute of limitations defense and for dismissal of the complaint as time-barred. The Court of Claims denied claimant's motion, granted defendant's cross motion and dismissed the claim. Claimant appeals.
We affirm. A statute of limitations defense is waived if it is not raised in a pre-answer motion to dismiss or in the responsive pleading (see CPLR 3211 [e]). However, absent undue prejudice or surprise, leave may be granted to amend a pleading to assert the defense that a claim is untimely under CPLR 213 (see CPLR 3025 [b]; Fahey v County of Ontario, 44 NY2d 934, 935 [1978]; M. Kramer & Sons v Facilities Dev. Corp., 135 AD2d 942, 943-944 [1987]), and pleadings in the Court of Claims may be amended as provided in CPLR 3025 (see Uniform Rules for Court of Claims [22 NYCRR] § 206.7 [b]). A claim for wrongful confinement accrues when a claimant is released from the SHU (see Steele v State of New York, 145 AD3d 1363, 1364 [2016]), and the applicable statute of limitations for such a claim is one year (see CPLR 215 [3]; Briggs v State of N.Y. Dept. of Corr. & Community Supervision, 163 AD3d 1306, 1307 [2018]). Thus, the proposed amendment of the answer to assert the statute of limitations defense would cause no prejudice or surprise to claimant because his original claim was untimely when it was [*2]filed on July 23, 2014 — more than one year after he was released from the SHU on June 7, 2013 [FN1]. Accordingly, defendant's cross motion to amend the answer and dismiss the claim was properly granted. Claimant's remaining contentions have been considered and found to lack merit.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Claimant's argument that the proposed amendment was prejudicial because he could have sought permission to file a late claim had the statute of limitations defense been asserted in the original answer is unavailing; the fact that his original claim was untimely precluded such relief (see Court of Claims Act § 10 [6]).