Scott v State of N.Y. (2021 NY Slip Op 03092)





Scott v State of N.Y.


2021 NY Slip Op 03092


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

530865
[*1]James P. Scott, Appellant,
v
State of New York, Respondent.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

James P. Scott, Tampa, Florida, appellant pro se.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Court of Claims (Milano, J.), entered December 9, 2019, which granted defendant's motion to dismiss the claim.
In 2006, claimant's New York driver's license was revoked following a conviction for driving while intoxicated. In 2008, claimant moved to Florida and applied to the Department of Motor Vehicles (hereinafter DMV) for clearances of the 2006 and prior revocations in order to obtain a Florida driver's license. In June 2011, claimant's application for the clearances was approved and he was issued a Florida driver's license the following month. In March 2017, claimant learned that, in February 2012, DMV had rescinded the clearances, which reinstated the hold on his New York driving privileges and caused the suspension of his Florida driver's license. Claimant had not received two letters from DMV, sent to his previous address in 2012 and 2014, advising that the clearances had been rescinded. In March 2018, DMV again notified claimant that his application for relicensure was denied, citing amendments to DMV's regulations enacted in September 2012 to strengthen the criteria for relicensing of recidivist drunk drivers who pose a threat to highway safety (see 15 NYCRR 136.5 [a] [4]; [b] [2]). Thereafter, claimant sought, unsuccessfully, reconsideration of DMV's position. By letter dated July 31, 2018, DMV informed claimant that it was not going to remove the hold and its decision was final and binding. In August 2018, claimant commenced a CPLR article 78 proceeding against DMV seeking annulment of its determination denying claimant's application for reinstatement of his driving privileges as an impermissible retroactive application of the 2012 regulations. Claimant's petition also sought compensatory and punitive damages. Supreme Court, other than granting DMV's motion to sever and dismiss the claims for damages, granted the petition and directed DMV to restore claimant's driving privileges.
After claimant gave notice of his intention to file a claim in April 2019, he commenced this claim for monetary damages in July 2019, alleging "willful misconduct and gross negligence" based upon the indefinite suspension of his Florida driving privileges that resulted from DMV's erroneous reporting of claimant's status as "not eligible" to the National Driver Registry. Defendant filed a pre-answer motion to dismiss the claim on the grounds of untimeliness and failure to state a cause of action. The Court of Claims granted defendant's motion and this appeal ensued.
Claimant argues that his claim was timely because it accrued when Supreme Court dismissed so much of his CPLR article 78 petition as sought damages, ruling that such damages were not incidental. Defendant contends that the Court of Claims correctly determined that the claim accrued, at the latest, on July 31, 2018, when DMV informed claimant that it was not going to remove the hold on his driving privileges.
"Pursuant to the Court of Claims Act, a claim [*2]or notice of intention to file a claim must be filed and served within 90 days after accrual of the cause of action" (Davis v State of New York, 89 AD3d 1287, 1287 [2011]; see Court of Claims Act § 10 [3], [3-b]). Because "suits against defendant are permitted only upon defendant's waiver of sovereign immunity and are in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Flowers v State of New York, 175 AD3d 1724, 1725 [2019] [internal quotation marks and citation omitted]; see Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003]; Davis v State of New York, 89 AD3d at 1287). "[A] claim accrues for purposes of the Court of Claims Act when damages are reasonably ascertainable" (Augat v State of New York, 244 AD2d 835, 836 [1997], lv denied 91 NY2d 814 [1998]; see Jeda Capital-Lenox, LLC v State of New York, 149 AD3d 1390, 1391 [2017], lv denied 30 NY3d 903 [2017]).
We find that the Court of Claims correctly held that the claim accrued, at the latest, on July 31, 2018 when, as the claim states, "[c]laimant received a second letter from [DMV] dated July 31, 2018, indicating that [it was] not going to remove the hold and [its] decision was final and binding. It was at this point that [DMV] was guilty of gross negligence." This letter put claimant on notice that the administrative determination was final and binding and the loss of his driving privileges and any damages therefrom were ascertainable. Accordingly, the April 26, 2019 notice of intention to file a claim and the July 1, 2019 claim were both beyond the 90-day period set forth in Court of Claims Act § 10 (3). We reject claimant's assertion that the claim did not accrue until Supreme Court's decision dismissing his damages claim was served upon him on January 30, 2019. Claimant sought damages in the CPLR article 78 proceeding, reflecting that such damages were reasonably ascertainable before that proceeding was commenced. In light of our decision, claimant's remaining arguments are rendered academic.
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.