Smith v State of New York (2021 NY Slip Op 04436)





Smith v State of New York


2021 NY Slip Op 04436


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


334 CA 20-00663

[*1]LAURIE ANN SMITH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF THOMAS J. BLANCKE, SR., DECEASED, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 125901.) 






THE COCHRAN FIRM, NEW YORK CITY (NORMAN A. OLCH OF COUNSEL), FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Richard E. Sise, J.), entered October 28, 2019. The order, among other things, granted the cross motion of defendant to dismiss claimant's second and third causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant, Laurie Ann Smith, individually and as administratrix of the estate of Thomas J. Blancke, Sr. (decedent), commenced this negligence and wrongful death action seeking damages after her husband, an inmate at Five Points Correctional Facility, was killed by his cellmate. Claimant appeals from an order that, inter alia, granted defendant's cross motion to dismiss as untimely the second and third causes of action, for personal injuries caused by negligence and negligent supervision, hiring and training. We affirm.
We reject claimant's contention that the Court of Claims erred in granting the cross motion. "The State of New York is sovereign and has consented to be sued only in strict accordance with the requirements of the Court of Claims Act" (Matter of Geneva Foundry Litig., 173 AD3d 1812, 1813 [4th Dept 2019]). Pursuant to Court of Claims Act § 10 (3), "[a] claim to recover damages for . . . personal injuries caused by the negligence or unintentional tort of an officer or employee of the state while acting as such officer or employee, shall be filed and served upon the attorney general within ninety days after the accrual of such claim, unless the claimant shall within such time serve upon the attorney general a written notice of intention to file a claim therefor, in which event the claim shall be filed and served upon the attorney general within two years after the accrual of such claim." It is well settled that the " '[f]ailure to comply with either the filing or service provisions of the Court of Claims Act results in a lack of subject matter jurisdiction requiring dismissal of the claim' " (Hatzfeld v State of New York, 104 AD3d 1165, 1166 [4th Dept 2013]; see Ivy v State of New York, 27 AD3d 1190, 1191 [4th Dept 2006]; Baggett v State of New York, 124 AD2d 969, 969 [4th Dept 1986]).
Here, the claim accrued on December 14, 2013, and therefore claimant had until March 14, 2014 to file and serve on the Attorney General the claim or to serve on the Attorney General a written notice of intention to file a claim (see Court of Claims Act § 10 [3]). Claimant, however, did not serve the Attorney General with written notice of intention to file a claim until February 2, 2015, and the claim was subsequently served on April 8, 2015. We reject claimant's contention that a notice of claim served on the Attorney General on March 3, 2014 in connection with a prior claim filed by decedent's mother should be treated as timely notice of intention to [*2]file the subject claim. By voluntarily withdrawing the notice of claim dated March 3, 2014, the attorney for decedent's mother discontinued the 2014 claim by decedent's mother, rendering it a nullity (see generally Harris v Ward Greenberg Heller & Reidy LLP, 151 AD3d 1808, 1810 [4th Dept 2017]).
We also reject claimant's contention that defendant waived its affirmative defenses regarding the timeliness of service of the claim or notice of claim by failing to satisfy the pleading requirement set forth in Court of Claims Act § 11 (c). Pursuant to section 11 (c), "[a]ny objection or defense based upon failure to comply with . . . the time limitations contained in section ten of this act . . . is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading." Here, we conclude that defendant raised its affirmative defense with sufficient particularity inasmuch as, in its answer, defendant unequivocally asserted that the claim and the notice of intention to file a claim were untimely (see Scalise v State of New York, 210 AD2d 916, 917 [4th Dept 1994]).
We have considered claimant's remaining contentions and conclude that none requires modification or reversal of the order.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court