Ross v State of New York (2023 NY Slip Op 03390)

Ross v State of New York

2023 NY Slip Op 03390

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535329
[*1]Michael Ross, Appellant,
v
State of New York, Respondent.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Thompson Law, PC, New York City (W. John Thompson of counsel), for appellant.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Court of Claims (James H. Ferreira, J.), entered April 4, 2022, which granted defendant's motion to dismiss the claim.
On August 25, 2021, claimant, an incarcerated individual at the Clinton Correctional Facility, was allegedly attacked by an unknown person, resulting in certain injuries. As a result, in November 2021, claimant brought this claim against defendant, asserting, among other things, negligent failure to maintain a safe environment and negligent hiring and supervision of its employees. Defendant moved pre-answer to dismiss the claim for lack of subject matter jurisdiction on the basis that claimant did not timely serve the claim. The Court of Claims granted defendant's motion, prompting this appeal.
We affirm. "[P]ursuant to the Court of Claims Act, a claim or notice of intention to file a claim to recover damages for personal injuries caused by the negligence of an officer or employee of the State must be filed and served within 90 days after accrual of the cause of action" (Matter of Barnes v State of New York, 158 AD3d 961, 962 [3d Dept 2018]; see Court of Claims Act § 10 [3]). "A claim accrues for purposes of the Court of Claims Act when damages are reasonably ascertainable" (Scott v State of New York, 194 AD3d 1216, 1217 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], appeal dismissed & lv denied 37 NY3d 1233 [2022]). "Because the timeliness requirements imposed by the Court of Claims Act have jurisdictional implications, they must be strictly construed" (Scott v State of New York, 137 AD3d 1434, 1434-1435 [3d Dept 2016] [citations omitted], lv denied 27 NY3d 911 [2016]; see generally Lyles v State of New York, 3 NY3d 396, 400 [2004]).
It is undisputed that claimant's injury occurred on August 25, 2021, and that the claim was served upon the Office of the Attorney General on November 24, 2021.[FN1] In calculating whether service was accomplished within the statutory 90-day period, general principles of statutory construction require excluding the date of injury and beginning the count on the following day (see General Construction Law § 20; Turner v City of New York, 94 AD3d 635, 636 [1st Dept 2012]). Inasmuch as the first day of the 90-day period was August 26, 2021, and the 90th day was November 23, 2021, the Court of Claims properly determined that service one day later was untimely, thereby divesting it of subject matter jurisdiction (see Encarnacion v State of New York, 112 AD3d 1003, 1004 [3d Dept 2013]; Perry v State of New York, 64 AD2d 799, 800 [3d Dept 1978], lv denied 46 NY2d 710 [1979]). To the extent that claimant alleges that the limitations period should be tolled by the continuing wrong doctrine, this argument was not raised before the Court of Claims and is therefore unpreserved (see DiCenzo v Mone, 200 AD3d 1162, 1166 [3d Dept 2021]; Matter of Neville v Magazine Distribs., Inc., 61 AD3d 1165, 1166 [3d Dept 2009], lv denied 12 NY3d 712 [2009]). In any event[*2], we note that nothing in the record supports the application of this doctrine.
Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Claimant did not serve a notice of intention to file a claim, which would have permitted him to file and serve his claim within two years after it accrued (see Court of Claims Act § 10 [3]).