R.S. v State of New York (2024 NY Slip Op 50859(U))

[*1]

R.S. v State of New York

2024 NY Slip Op 50859(U)

Decided on July 5, 2024

Court Of Claims

Brindisi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 5, 2024
Court of Claims

R.S., Claimant(s)

against
The State of New York, Defendant(s)

Claim No. 141456

Claimant's attorney:
Thompson Law, P.C.
By: Walter John Thompson, Esq.
Defendant's attorney:
Letitia James, Attorney General of the State of New York 
By: Thomas G. Ramsay, Assistant Attorney General

Anthony Brindisi, J.

On November 22, 2023, the claimant filed an Adult Survivors Act (ASA) claim against the State of New York pursuant to CPLR 214-j. In the claim, claimant seeks redress against the State of New York for sexual abuse that he allegedly endured while he was incarcerated at Orleans Correctional Facility (CF) in 2018. On March 5, 2024, in lieu of answering, defendant filed a motion to dismiss pursuant to CPLR 3211 (a) and Court of Claims Act §§ 10 (3), 10 (3-b), and 11 (a)(i). Claimant opposed defendant's motion to dismiss. For the reasons stated below, the Court will grant defendant's motion to dismiss.
Defendant argues that the claim must be dismissed for lack of jurisdiction because it was not timely served. The claim was filed November 22, 2023 pursuant to CPLR 214-j, a revival statute that provided adult victims of sexual abuse with a one-year window in which to commence otherwise time-barred civil actions for sexual offenses as defined in article 130 of the Penal Law.[FN1]
The time period in which a lawsuit could be commenced pursuant to CPLR 214-j expired on November 24, 2023. The claim was personally served to the Office of the Attorney General (OAG) on February 27, 2024 (Ramsay Affirmation, ¶ 10; Exhibit A; Thompson Affirmation, ¶ 11; Affidavit of Service). Claimant argues that the drastic relief requested in defendant's motion is inappropriate in light of the ASA having opened a one-time window for survivors of sexual abuse to pursue lapsed claims and pursue restorative justice. Claimant asserts that under CPLR 306-b, which allows service within one hundred twenty days of commencement of a proceeding, the service of the claim is timely. In reply, defendant argues that the Court of Claims has consistently rejected application of CPLR 306-b as a basis to extend the time to serve the Attorney General and obtain jurisdiction.
It is a fundamental principle of practice in the Court of Claims that the filing and service requirements contained in Court of Claims Act §§ 10 and 11 are jurisdictional in nature and must be strictly construed (Finnerty v New York State Thruway Auth., 75 NY2d 721 [1989]). Pursuant to Court of Claims Act § 10 (3), a claim must be filed with the Clerk of the Court and served upon the Attorney General, or a notice of intention served upon the Attorney General, within ninety days after the accrual of the claim (Ross v State of New York, 217 AD3d 1225 [3d Dept 2023]; Smith v State of New York, 196 AD3d 1130 [4th Dept 2021]). Section 10 of the Court of Claims Act provides that "[n]o judgment shall be granted in favor of any claimant unless such [*2]claimant shall have complied with the provisions of this section applicable to this claim."
Failure to serve the State or file the claim, as required in Court of Claims Act § 11, results in a failure of subject matter jurisdiction that cannot be waived (Smith, 196 AD3d at 1131). "It is settled that the State as sovereign may not be sued except with its consent, that it may attach such terms and conditions to its consent as the Legislature deems proper, and that such terms and conditions are jurisdictional requirements" (Finnerty, 75 NY2d at 723). Service even one day late has been found to be untimely, and divests the Court of subject matter jurisdiction (Ross, 217 AD3d at 1226). The Court is without discretion to waive these jurisdictional requirements (see David v State of New York, UID No. 2004-019-504 [Ct Cl, Lebous, J., Jan. 13, 2004]).
Section 10 (3) of the Court of Claims Act governs negligence based causes of action and section 10 (3-b) governs intentional tort claims. There is an exception for Child Victim Act (CVA) claims in Court of Claims Act § 10 (10), but there is no similar exception for ASA claims. CPLR 214-j provides that an action pursuant to the ASA must be commenced by November 24, 2023. Here although the claim was untimely under the Court of Claims Act section 10 (3) and 10 (3-b), the legislature through the enactment of CPLR 214-j provided a limited time frame within which a claimant could commence what would otherwise be an untimely claim. As discussed above, to commence an action in the Court of Claims, both service and filing must be accomplished (Dreger v NewYork State Thruway Auth., 81 NY2d721, 724 [1992]; Negron v State of New York, 257 AD2d 652 [2d Dept 1999]). Claimant argues that CPLR 306-b is applicable in determining the timeliness of service on the defendant, despite the clear directives of Court of Claims Act and CPLR 214-j. In contrast, in Supreme Court actions are commenced by filing alone (CPLR 304). The CPLR applies in the Court of Claims where there is no governing Court of Claims statute or regulation (see 22 NYCRR 206.1 [c]). It is clear that CPLR 306-b does not apply to the service of claims in the Court of Claims (see e.g. Williams v State of New York, UID No. 2023-058-046 [Ct Cl, Leahy-Scott, J., Sept. 1, 2023]["CPLR 306-b does not apply to the service of claims in the Court of Claims and requests to extend the time to serve claims under this provision have been routinely denied"]; Edwards v City Univ. of New York, UID No. 2015-049-044 [Ct Cl, Weinstein, J., July 23, 2015]; Summers v State of New York, 2008-038-581 [Ct Cl, DeBow, J., Jan. 22, 2008]["CPLR 306-b . . . is inapplicable to cure the jurisdictional failure to timely serve the claim upon the Attorney General"]; Louis v State of New York, UID No. 2007-030-568 [Ct Cl, Scuccimarra, J., Sept. 19, 2007]; see also Alejandro v State of New York, UID No. 2015-015-113 [Ct Cl, Collins, J., Dec. 21, 2015][recognizing the Court of Claims "lacks discretion to extend the time prescribed for the service of the claim by Court of Claims Act § 10 (3) or § 10 (3-b)"]).
While this Court is sympathetic to claimant, the Court is without discretion to disregard the jurisdictional mandates of the Court of Claims Act. The Court therefore finds that the claim was timely filed, but was untimely served upon the Attorney General on February 27, 2024, and defendant's motion to dismiss the untimely served claim for lack of jurisdiction will be granted. Accordingly, it is
ORDERED, that Claim No. 141456 is dismissed for lack of jurisdiction.
Appendices:
The following papers were read and considered by the Court:
1. Notice of Motion filed March 5, 2024;
2. Affirmation in Support of Motion of Thomas G. Ramsay, Esq. dated March 5, 2024, with exhibit;
3. Affirmation in Opposition of Walter John Thompson, Esq. dated May 22, 2024;
4. Reply Affirmation of Thomas G. Ramsay, Esq. dated May 23, 2024.
Filed Papers: Claim; Affidavit of Service.

Footnotes

Footnote 1:CPLR 214-j also permitted actions to be brought based upon two other sections of the Penal Law (225.26 and 255.27) that are not applicable here.