Singh v State of New York (2025 NY Slip Op 04132)

Singh v State of New York

2025 NY Slip Op 04132

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-24-0057
[*1]Gurmeet Singh, Appellant,
v
State of New York, Respondent.

Calendar Date:June 3, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Gurmeet Singh, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Court of Claims (Walter Rivera, J.), entered November 22, 2023, which, among other things, granted defendant's cross-motion to dismiss the claim.
Claimant, an incarcerated individual, was the subject of two misbehavior reports alleging that he engaged in fighting and violent conduct. Following a disciplinary hearing, claimant was found guilty and sentenced to 30 days of confinement in the Special Housing Unit. Claimant's subsequent administrative appeal led to a reversal of the hearing officer's finding of guilt. Claimant thereafter filed this claim seeking damages for wrongful confinement and failure to safeguard him from assault. Defendant answered, raising a number of affirmative defenses, including that the Court of Claims lacked jurisdiction due to the untimely filing of the notice of intention to file a claim. Thereafter, claimant moved seeking a response to his notice to admit, and defendant filed a cross-motion seeking to dismiss the claim as untimely. In opposing defendant's cross-motion, claimant sought leave to serve and file a late claim. As relevant here, the court granted defendant's cross-motion dismissing the claim and denied claimant's application for leave to serve a late claim. Claimant appeals.
A claim to recover damages for personal injuries caused by the intentional tort or negligence of an officer or an employee of the State must be filed and served within 90 days after accrual of the cause of action (see Court of Claims Act § 10 [3], [3-b]; Ross v State of New York, 217 AD3d 1225, 1225 [3d Dept 2023]; Matter of Barnes v State of New York, 161 AD3d 1325, 1325 [3d Dept 2018]). "[T]he time requirements set forth in the Court of Claims Act for filing a claim are strictly construed, as such requirements are jurisdictional in nature" (Young v State of New York, 138 AD3d 1357, 1357-1358 [3d Dept 2016]; see Ross v State of New York, 217 AD3d at 1225). The defense of failure to timely file a claim may be statutorily waived where defendant did not raise it in a pre-answer motion to dismiss or in the responsive pleading (see Court of Claims Act § 11 [c]; Steele v State of New York, 145 AD3d 1363, 1364 [3d Dept 2016]).
Here, claimant concedes that he filed his notice of intention to file a claim one day after the 90-day limitations period (see Court of Claims Act § 10 [3]). Hence, the Court of Claims lacked subject matter jurisdiction (see Ross v State of New York, 217 AD3d at 1226; Green v State of New York, 56 AD3d 1056, 1056 [3d Dept 2008], lv denied 12 NY3d 702 [2009]; Matter of Magee v State of New York, 54 AD3d 1117, 1118 [3d Dept 2008]). Claimant argues, in a conclusory fashion, that the deficiencies in serving the claim were the fault of prison officials who failed to mail the claim in a timely and proper manner; however, this argument is unpreserved as claimant did not raise this argument before the Court of Claims (see Ross v State of New York, 217 AD3d at 1226), and the record does not substantiate [*2]this assertion (see Young v State of New York, 138 AD3d at 1358; Rivera v State of New York, 5 AD3d 881, 881 [3d Dept 2004]). Nor is there merit in claimant's additional assertion that he should have been granted a five-day extension, pursuant to CPLR 2103 (b) (2), when he mailed his notice of intention as this provision pertains to service of interlocutory papers upon an attorney in a pending action, not to service of papers to commence a claim (see Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80, 82-83 [1983]; Matter of Gillard v Annucci, 175 AD3d 768, 769 [3d Dept 2019], lv denied 34 NY3d 907 [2020]). Moreover, contrary to claimant's contention, defendant in its answer clearly preserved the defense that the claim was untimely (see Steele v State of New York, 145 AD3d at 1364; Augat v State of New York, 244 AD2d 835, 836 [3d Dept 1997], lv denied 91 NY2d 814 [1998]). Accordingly, the Court of Claims properly dismissed the claim as untimely (see Ross v State of New York, 217 AD3d at 1226; Campos v State of New York, 139 AD3d 1276, 1278 [3d Dept 2016]).
"Where, as here, such claim is untimely, the Court of Claims is vested with broad discretion to grant or deny a motion for permission to file a late claim following the consideration of the statutory factors enumerated in Court of Claims Act § 10 (6), and its decision will not be disturbed absent a clear abuse of that discretion" (Matter of Barnes v State of New York, 161 AD3d at 1325-1326 [internal quotation marks, brackets and citations omitted]; see Langner v State of New York, 65 AD3d 780, 782-783 [3d Dept 2009]). One of the statutory factors to be considered is whether the claim appears to be meritorious (see Court of Claims Act § 10 [6]). Although no one factor is determinative, this Court has consistently declined to disturb the denial of an application to serve a late claim where the proposed claim is of questionable merit (see Ortiz v State of New York, 78 AD3d 1314, 1314-1315 [3d Dept 2010], affd 17 NY3d 389 [2011]; Langner v State of New York, 65 AD3d at 783).
Turning to the merits of claimant's wrongful confinement claim, "[t]he actions of correctional facility employees insofar as they relate to [incarcerated individual] discipline are quasi-judicial in nature and, unless they exceed the scope of their authority or violate applicable rules and regulations, are accorded absolute immunity" (Shannon v State of New York, 111 AD3d 1077, 1077 [3d Dept 2013] [internal quotation marks and citations omitted]). Here, the claim fails to allege that the correctional facility employees acted in excess of their authority or departed from any applicable statutory or regulatory direction (see Diaz v State of New York, 155 AD3d 1279, 1281 [3d Dept 2017], lv dismissed & denied 30 NY3d 1101 [2018]; Shannon v State of New York, 111 AD3d at 1077). Even though the disciplinary determination was administratively reversed, claimant is still required to establish that his claim has merit, which [*3]he failed to do (see Encarnacion v State of New York, 203 AD3d 1416, 1417 [3d Dept 2022]; Loret v State of New York, 106 AD3d 1159, 1159-1160 [3d Dept 2013], lv denied 22 NY3d 852 [2013]).
As to the claim for failure to safeguard claimant from an attack by another incarcerated individual, the claim fails to allege that claimant had a previous encounter with the assailant, or that defendant had any reason to believe he would be the subject of an attack. In fact, claimant concedes, "I d[o] not know why [i]ncarerated [i]ndividual L***y assaulted me." Therefore, claimant failed to establish that his assault was reasonably foreseeable and, as such, cannot establish the State's negligence (see Vasquez v State of New York, 68 AD3d 1275, 1276 [3d Dept 2009]; Colon v State of New York, 209 AD2d 842, 844 [3d Dept 1994]). On this record, we cannot say that the Court of Claims' denial of claimant's application to file a late claim was an abuse of discretion (see Matter of Barnes v State of New York, 161 AD3d at 1326; Shannon v State of New York, 111 AD3d at 1077).
Clark, J.P., Aarons, Pritzker and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.