Dellecave v State of New York (2025 NY Slip Op 51586(U))

[*1]

Dellecave v State of New York

2025 NY Slip Op 51586(U) [87 Misc 3d 1216(A)]

Decided on August 21, 2025

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 21, 2025
Court of Claims

Jeremy Dellecave,
Claimant,

against
The State of New York, Defendant.

Claim No. 143456

For Claimant
Law Office of Caner Demirayak, Esq., P.C.
By: Caner
Demirayak, Esq.
For Defendant
Hon. Letitia James, Attorney General of the
State of New York
By: Antonella Papaleo, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Notice of Motion, Affirmation & Exhibit Annexed 1-3
Notice of Cross-Motion for
Late Claim & Affirmation Annexed 4-5
Affirmation in Support of Cross-Motion and
in Opposition to Motion 6
Affirmation in Further Support & Opposition to Late Claim
7
Upon the foregoing papers, the Motion by Defendant, State of New York (hereinafter
"State"), to dismiss the Claim filed by Claimant Jeremy Dellecave (hereinafter "claimant"), is
granted, and claimant's Cross-Motion for leave to file a late claim, is denied in accordance with
the following decision.
By Claim filed March 31, 2025, claimant commenced the instant action seeking to recover
damages against the State for wrongful confinement and alleged negligence by Housing Court
Judge Kimon C. Thermos, his staff and relevant clerks. Specifically, claimant alleges that "on
December 31, 2024, [he] was released after 11 days of illegal civil contempt on a finding of civil
contempt and the issuance of an arrest warrant for commitment in the clear absence of
jurisdiction by Judge Thermos in the action of Patricia Smith v. Jeremy Dellecave, et al.,
LT-000778-23/QU" (Claim, at 2, ¶ 5). Claimant further alleges that Judge Thermos knew
that he was neither served nor had notice of the civil contempt order dated November 17, 2023,
or the [*2]arrest warrant issued against him on December 5, 2023
(see id.). As a result, claimant seeks damages in the amount of $1,000,000, alleging that
he sustained, among other injuries, false arrest, imprisonment for 11 days, extreme emotional
distress, and reputational damage (see id., ¶ 6). No exhibits are attached to the
Claim.
By Notice of Motion filed May 27, 2025, the State moves pre-answer to dismiss the Claim,
pursuant to CPLR 3211 and 3212 and Court of Claims Act §§ 9, 10 and 11, on the
grounds that the Claim is untimely, meritless and subject to dismissal as outside the Court of
Claims' jurisdiction. As to timeliness, the State explains that claimant had 90 days from his
release from incarceration on December 31, 2024, or until March 31, 2025, to serve a notice of
intention or file and serve a claim. Since the Attorney General was served on April 17, 2025, the
State argues that this is outside the prescribed time period set forth in Court of Claims Act §
10(3)(b). By claimant's own admissions, the State argues that the alleged wrongdoing underlying
the Claim involves the judicial decisions of Judge Thermos, and absolute judicial immunity bars
any action against Judges of the State for their judicial acts. 
Moreover, the State argues that the Claim is jurisdictionally defective since it fails to satisfy
the specificity requirements of Court of Claims Act § 11(b). To wit, the State explains that
claimant alleges that he was unlawfully arrested for civil contempt and falsely imprisoned, yet
aside from conclusory allegations, he fails to allege or provide details as to the unlawful nature of
his arrest and confinement. Finally, the State argues that the Claim improperly seeks review of an
action pending in another Court.
Apparently realizing its untimeliness, by Notice of Cross-Motion filed July 2, 2025, claimant
seeks leave to file a late claim, pursuant to Court of Claims Act § 10(6), as well as
opposition to the Motion to dismiss. Addressing the Court of Claims Act § 10 (6) factors,
claimant argues that his delay in filing the Claim was excusable because he was released from
incarceration on December 31, 2024, but was unaware of Judge Thermos' purported absence of
jurisdiction until January 21, 2025 because the court's file was withheld. Claimant explains that
the Claim was timely served and filed within 90 days of that date. He further argues that the State
had notice of the essential facts constituting the Claim because Judge Thermos is its employee,
and he made efforts to delay and conceal claimant's ability to determine that he had been
wronged. Moreover, claimant maintains that his Claim is meritorious because Judge Thermos
lacked jurisdiction to hold him in contempt and issued an arrest warrant for contempt despite
lack of service upon claimant. Lastly, he argues that he does not have any other available remedy.

With respect to the State's application for dismissal, claimant argues that Judge Thermos
lacked judicial immunity as he acted in the absence of jurisdiction. Furthermore, pursuant to
Judiciary Law § 756, he was supposed to be served with notice of the hearing for civil
contempt, and without service, Judge Thermos lacked jurisdiction to punish him for civil
contempt. Claimant further argues that his Claim is not jurisdictionally defective because it
clearly spells out that it arises from Judge Thermos's actions taken in the absence of jurisdiction.
He argues that he is not seeking a review of a pending action but seeks compensation for
unlawful imprisonment. No proposed claim or any exhibit was attached to claimant's
Cross-Motion for late claim relief. 
On July 30, 2025, the State filed an Affirmation in Further Support of its Motion to [*3]dismiss, as well as opposition to the late claim motion.[FN1]
The State argues that claimant's Cross-Motion to file a late claim must be denied as the motion
does not include a proposed claim as statutorily required. Furthermore, under Court of Claims
Act §10(6), the most decisive component in determining the motion is whether the claim is
meritorious, yet the State argues that the claim is meritless because the complained of conduct
sounds subject to judicial immunity in that Judge Thermos issued a warrant in connection to a
case where claimant was the defendant. Per the State, the allegation that Judge Thermos acted
with complete absence of jurisdiction is contradicted by the other factual assertions in the Claim.
This Court agrees.
"'It is well established that the requirements of the Court of Claims Act as to the filing of
claims must be strictly construed because the question of timeliness of filing is jurisdictional'"
(Encarnacion v State of New York,
112 AD3d 1003,1004 [3rd Dept 2013], quoting Bush v State of New York, 60 AD3d 1244, 1245 [3rd Dept 2009]).
Whether grounded in negligence or intentional tort, a claimant is required to serve and file his
claim, or serve a notice of intention to file the claim, within 90 days of its accrual (see
Court of Claims Act §§ 10[3], [3-b]; Casey v State of New York, 161 AD3d 720 [2d Dept 2018], lv
denied 32 NY3d 903 [2018]; Skiptunas v State of New York, 290 AD2d 868, 870
[2002]). "Failure to comply with either the filing or service provisions of the Court of Claims Act
results in a lack of subject matter jurisdiction requiring dismissal of the claim" (Hatzfeld v State of New York, 104
AD3d 1165,1166 [4th Dept 2013] [internal quotation marks omitted]); see Gang v State of New York, 177
AD3d 1300 [4th Dept 2019]).
Applying these principles to the matter at bar, the State has established its entitlement to the
dismissal of the instant Claim for untimeliness. The record reflects that claimant filed his Claim
on March 31, 2025, alleging an accrual date of December 31, 2024, for wrongful confinement
and negligence with respect to his arrest and incarceration after a finding of contempt and
issuance of an arrest warrant by Judge Thermos. Damages arising from wrongful confinement
"are reasonably ascertainable upon a claimant's release from confinement and, therefore, it is on
that date that the cause of action accrues" (Davis v State of New York, 89 AD3d 1287, 1287 [2d Dept 2011]).
Here, claimant was released from confinement on December 31, 2024, hence, he was required to
serve a notice of intention upon the Attorney General or file and serve his Claim within 90 days
of December 31, 2024, or by March 31, 2025. Although the Claim was filed with the Court on
March 31, 2025, it was not served upon the Attorney General until April 17, 2025. "Both filing
with the Court and service upon the Attorney General must take place within the relevant
statutory period" (Caci v State of New
York, 107 AD3d 1121, 1122 [3d Dept 2013]). Hence, claimant failed to meet the Court
of Claims Act statutory deadlines for filing and service, rendering his Claim untimely, and this
Court lacks subject matter jurisdiction, warranting dismissal of the Claim (see Smith v State of New York, 196
AD3d 1130, 1131 [4th Dept 2021]; Court of Claims Act §§ 10, 11).
Turning next to claimant's Cross-Motion, a claimant who fails to timely serve a claim or
[*4]notice of intention may, at the discretion of the court, be
permitted to file a late claim at any time before an action asserting a like claim against a citizen
of the State would be barred under the CPLR (see Court of Claims Act § 10[6]).
Court of Claims Act § 10(6) provides six factors to be established [FN2]
and directs that a copy of the proposed claim, containing all of the relevant information set forth
in Court of Claims Act § 11 shall accompany the application. "'No one factor is deemed
controlling, nor is the presence or absence of any one factor determinative'" (Casey v State of New York, 161 AD3d
720, 721[2d Dept 2018]; see
Decker v State of New York, 164 AD3d 650, 652 [2d Dept 2018]; Qing Liu v City
Univ. of NY, 262 AD2d 473 [2d Dept 1999]).
Here, claimant's application is deficient as he neglected to attach the proposed claim to his
Cross-Motion. This is in contravention with Court of Claims Act § 10(6), which clearly
states that the claim proposed to be filed shall accompany the application. The failure to attach a
proposed claim to a motion for permission to file and serve a late claim is sufficient grounds to
deny the motion outright (see McGill v State of New York, UID No. 2019-032-039 [Ct
Cl, Hard, J,. June 21, 2019]; Vargas v State of New York, UID No. 2019-032-020 [Ct Cl,
Hard, J., April 2, 2019]).
In any event, claimant contends that he meets all six of the enumerated factors contained in
Court of Claims § 10(6); this Court is not persuaded by his arguments. Unlike a party who
has timely filed a claim, a party seeking to file a late claim has the heavier burden of
demonstrating that the claim itself appears to be meritorious (see Hyatt v State of New York, 180 AD3d 764, 765 [2d Dept
2020]). Here, claimant seeks to file a late claim for negligence and wrongful confinement
allegedly arising from Judge Thermos' judicial actions. However, judges have absolute immunity
from suits for judicial acts performed in their judicial capacity (see Rosenstein v State of New York, 37
AD3d 208, 209 [1st Dept. 2007]; Lewis v State of New York, UID No. 2006 [Ct Cl,
Collins, J. ,Mar. 2, 2006]). "[O]nly those acts performed in the clear absence of any jurisdiction
over the subject matter [may] fail to come under the umbrella of judicial immunity" (Harley v
State of New York, 186 AD2d 324, 325 [3rd Dept. 1992]). 
This Court is perplexed as to why claimant failed to attach the relevant orders or any proof
whatsoever to his Cross-Motion, evidencing that a civil contempt hearing was held, a contempt
finding was made against him, and an arrest warrant was issued — all without service of
process or notice to him. Moreover, there is a "distinction between acts performed in excess of
jurisdiction[, which fall within judicial immunity,] and acts performed in the clear absence of
jurisdiction over the subject matter, which do not" (Best v State of New York, 116 AD3d 1198, 1199 [3d Dept 2014],
quoting Moulton v State of New York, 114 AD3d115, 123 [3d Dept 2013]). Indeed, there is no
indication from the record presented that Judge Thermos acted without any subject matter
jurisdiction to hold claimant - as a defendant - in civil contempt or to [*5]issue an arrest warrant against him. Nor did claimant provide any
paperwork, order or proof that he was incarcerated for 11 days pursuant to the warrant. Absent a
proposed claim, or any other proof, this Court is deprived of the ability to assess the merits of the
claim.
Based on the foregoing, it is ORDERED that the State's Motion, M-102268, is granted,
claimant's Cross-Motion to file a late claim, CM-102425, is denied, and the instant Claim No.
143456, is hereby dismissed.
August 21, 2025
New York, New York
JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1:It should be noted that some
errors were made in the State's papers wherein it indicates that the Claim was served upon the
State on "April 17, 2024" instead of April 17, 2025 (Aff. in Further Support at 2, ¶9). Also,
the State incorrectly states that claimant's Cross-Motion filed July 2, 2025, was filed one year
after the applicable statute of limitations, which had already expired on "December 31, 2025"
(id. at 3, ¶ 7).

Footnote 2:Such enumerated factors include:
"whether the delay in filing the claim was excusable; whether the state had notice of the essential
facts constituting the claim; whether the state had an opportunity to investigate the circumstances
underlying the claim; whether the claim appears to be meritorious; whether the failure to file or
serve upon the attorney general a timely claim or to serve upon the attorney general a notice of
intention resulted in substantial prejudice to the state; and whether the claimant has any other
available remedy" (Court of Claims Act § 10[6]; see Tucholski v State of New York, 122 AD3d 612 [2d Dept
2014]).