Ayuso v State of New York

2026 NY Slip Op 03112

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lisa Ayuso et al., Appellants,

v

The State of New York, et al., Respondents.

Decided and Entered: May 19, 2026

Claim No. 143421|Appeal No. 6655-6656|Case No. 2025-06774, 2025-06776|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Valli Kane & Vagnini LLP, Garden City (Robert J. Valli, Jr. of counsel), for appellants.

Letitia James, Attorney General, New York (Cleland B. Welton II of counsel), for respondents.

[*1]

Order of the Court of Claims of the State of New York (Javier E. Vargas, J.), entered October 6, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss claimants' claim for lack of subject matter jurisdiction, unanimously reversed, on the law, without costs, the motion denied, and the claim reinstated. Order, same court and Justice, entered October 6, 2025, which denied claimants' request for permission to file a late claim, unanimously affirmed, without costs.

The Court of Claims should have allowed claimants' claim to proceed, as it satisfied the substantive pleading requirements of the Court of Claims Act. In the claim underlying this appeal, claimants, who were employed as security officers by defendant City University of New York (CUNY), alleged violations of the Fair Labor Standards Act (FLSA) for failure to pay the full amount of overtime compensation they were allegedly owed. The 123-page claim complied with the requirements of Court of Claims Act § 11(b), as it detailed each individual claimants' position within CUNY, how long they worked for CUNY, their pay rates during their employment periods, the types of FLSA violations that they were claiming, and the damages to which they were allegedly entitled (cf. Lepkowski v State of New York, 1 NY3d 201, 208 [2003]; Watson v State of New York, 159 AD3d 446, 446-47 [1st Dept 2018]; see Johnson v State of New York, 2025 NY Slip Op 25284 [U] [Ct Cl 2025]). Claimants also annexed timesheet charts to the claim listing the number of hours that each claimant allegedly worked in the weeks between March 2022 and January 2025.

Claimants were not required to allege a single accrual date, because under the FLSA, "each paycheck represents a potential cause of action" and a new violation "accrues on the next regular payday following the work period when services are rendered" (Nakahata v New York-Presbyterian Healthcare Sys., Inc., 723 F3d 192, 198-199 [2d Cir 2013]). Thus, despite the court's finding otherwise, the entire claim did not accrue on September 27, 2024, but simply referred to "September 27, 2024" as the potential start of the six-month limitations period before the intended service date of March 26, 2025.

However, because the complete and verified claim was not served on the Attorney General until May 27, 2025, the six-month limitation period began on November 27, 2024 (see Speers v State of New York, 285 AD2d 872, 872 [3d Dept 2001]). The Attorney General's notice rejecting initial service of the claim was effective, as it specified that the claim was "incomplete" and unverified (see e.g. Flowers v State of New York, 175 AD3d 1724, 1726 [3d Dept 2019]).

[*2]

As to the second order on appeal, there is no basis to disturb the court's decision denying claimants' motion for leave to file late claims (see Matter of Gonzalez v State of New York, 299 AD2d 675, 675 [3d Dept 2002]). Claimants failed to comply with Court of Claims Act § 10(6), which provides that "[t]he claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany" such a motion. The plain meaning of this statute is that the proposed claim must be attached to the late claim motion, and claimants failed to attach the proposed claim (see Dellecave v State of New York, 87 Misc 3d 1216[A], *4 [Ct Cl 2025]; see also U.S. Bank Trust N.A. v 21647 LLC, 217 AD3d 429 [1st Dept 2023]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026